In the Matter of the Arbitration between

Re: 33 160 00281 12
| | |
|---|---|
| Curtis Hanna and Marion A. Edinger, on behalf of themselves and all others similarly situated | (Claimants) |
| and | |
| Pizza Hut, Inc. and Pizza Hut of America, Inc. | (Respondents) |

respondent, rather than "among", whereby the emphasis is on a distributive relationship among several parties (which in the present context would mean arbitration of claims brought by all of the listed parties against each other). Substituting "among" for "between", would thus mean that claims by Pizza Hut against one of its affiliated entities and vice-versa, or claims by one of Pizza Hut's affiliated companies against another affiliated company, would also have to be arbitrated -- clearly not something that was intended here.

B. <u>Claimants' Additional Arguments</u>:

Claimants have argued that §24(e) guarantees an unwaivable procedural right to class action that cannot be waived by parties entering an arbitration agreement absent a knowing, intelligent and voluntary waiver. First, although §24(e) has been held in case law cited by Claimants to create a self-executing <u>substantive</u> constitutional right for Florida employees to pursue claims for an employer's failure to pay minimum wage, no case law is cited holding that §24(e) also creates a constitutional <u>procedural</u> right to pursue such claims via the device of a class action. Even if there were such a constitutional procedural right to class action under Florida law that could not be waived by parties entering an arbitration agreement absent a knowing, intelligent and voluntary waiver, under *Concepcion* such a right must yield to the policy underlying the FAA.

As stated in *Concepcion*, "[t]he 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms [citations omitted]'", 131 S. Ct. at 1748. Here, as determined above, the parties' agreement cannot reasonably be construed to authorize class arbitration. To hold that §24(e) nevertheless requires class arbitration in this case absent a knowing, intelligent and voluntary waiver notwithstanding that the parties' arbitration

13

In the Matter of the Arbitration between

Re: 33 160 00281 12
    Curtis Hanna and Marion A. Edinger, on behalf of
    themselves and all others similarly situated     (Claimants)
    and
    Pizza Hut, Inc. and Pizza Hut of America, Inc.     (Respondents)

---

agreement does not so provide collides with the principal policy underlying the FAA to enforce private arbitration agreements according to their terms (terms that based on the contract language used here do not require class arbitration absent a knowing, intelligent and voluntary waiver). And so Florida's requirements under §24(e), as asserted by Claimants, are subordinate to and must yield to the FAA under the Supremacy Clause. Claimants' other arguments that §24(e) is not incompatible with the FAA, or that not allowing class arbitration here would violate the implied covenant of good faith and fair dealing, rest on the assumption that the parties contractually agreed to class arbitration, which as this tribunal has found, is an assumption that is not supported by the language of the agreement.

    Claimants attempt to fashion an argument that under Florida law waivers of constitutional rights must be knowing, intelligent and voluntary, and that this rule is equivalent to the kinds of state law defenses to a breach of contract claim that are not pre-empted by the FAA. Apart from the determinations above that the Florida Constitution does not create a constitutional procedural right to pursue minimum wage claims via class action, this argument also fails because the assertion that a waiver of rights contained in a contract is ineffective does not seem at all equivalent to or in the same category as traditional state law defenses to breach of contract claims such as fraud, duress or unconscionability that go the validity of the entire agreement and have been expressly carved out of the FAA.

    Claimants have submitted the hearsay declaration of Claimant Hanna stating what Tiffany said to him <u>after</u> he had signed the arbitration agreement. Although Respondents are correct that based on the present record Tiffany's statements would be inadmissible hearsay, they are considered here as offers of proof as to what Tiffany would testify to if called as a witness.

In the Matter of the Arbitration between

| | |
|---|---|
| Re: 33 160 00281 12 | |
| Curtis Hanna and Marion A. Edinger, on behalf of themselves and all others similarly situated | (Claimants) |
| and | |
| Pizza Hut, Inc. and Pizza Hut of America, Inc. | (Respondents) |

The sum and substance of Tiffany's presumed testimony taken from the affidavits submitted by Claimants would be as follows: Shortly after Claimant Hanna signed the arbitration agreement Tiffany explained that Hanna was not waiving any rights other than his right to a court or jury trial (this being to his benefit because arbitration is cheaper than litigation). After learning in this proceeding that Respondents contended the arbitration agreement precluded class arbitration, Hanna spoke with Tiffany again and Tiffany repeated her understanding that the only rights waived by the arbitration agreement were the right to a court or jury trial, and, that when she was instructed as to how to explain the meaning of the arbitration agreement, none of her superiors ever told her to say that it banned class actions. She also said that if anyone asked her about "that issue" she would say and always would have said that the agreement did allow for class actions. Claimant Edinger's affidavit, also submitted by Claimants in support of class arbitration, merely states that she is certain Tiffany never told her that she was waiving her right to pursue class relief.

Assuming Tiffany would testify as indicated above, her testimony is not relevant as a matter of contract law to a determination as to the mutual intent of the parties to the arbitration agreement. Had the statements attributed to Tiffany by Claimant Hanna been made concurrently with Claimant Hanna's execution of the arbitration agreement, they could arguably be relevant to resolve an ambiguity or to clarify the intent of the parties. But the agreement, as determined above, is not ambiguous; nor is it unclear. Moreover, a post-contractual statement by a party is not an objective manifestation of the mutual intent of the parties at the time they entered the agreement. Also, Tiffany's statements deal with whether there was a waiver of a right to bring a class action by entering the arbitration agreement. But that is different from the issue at hand,

15

In the Matter of the Arbitration between

Re: 33 160 00281 12
Curtis Hanna and Marion A. Edinger, on behalf of
themselves and all others similarly situated    (Claimants)
and
Pizza Hut, Inc. and Pizza Hut of America, Inc.    (Respondents)

---

which is whether the parties' agreement was intended to permit or authorize class arbitration. Tiffany's other statements as to what she might have said had she been asked are speculative and are not probative of any mutual contractual intent. A party's silent, uncommunicated understanding is not probative of the mutual intent of the parties. Nor is what Tiffany didn't say to Claimant Edinger probative of any contractual intent.

Claimants' arguments based on the decision of another arbitrator in *Gnezdilov v. Pizza Hut* are also unpersuasive. First, the decision in that case is distinguishable in that it was based on the grounds that both parties had presented the case as if their stipulation in court had already resolved the issue of clause construction in favor of class arbitration, and, because the parties had agreed to "the laws of California" and that "the case does not concern the FAA".[2] Second, there was no stated analysis by the arbitrator of the language of the arbitration agreement in order to discern the parties' intent. Finally, arbitration awards are not recognized as binding legal precedent. Also, Claimants' argument that Pizza Hut had for a period of time not disputed the appropriateness of class arbitration during the course of that arbitration does not tip the balance in favor of Claimants' strained interpretation of the parties' agreement.

Claimants' argument that because §24(e) is "the law of the land" it must be deemed incorporated into the parties' agreement also fails. If that were correct, then by the same logic every arbitration agreement would *per se* allow for class arbitration by virtue of FRCP Rule 23 and/or equivalent state class action statutes – an unlikely proposition that would render *Stolt-Nielsen* and its progeny universally moot.

---

[2] The arbitration agreement the parties in this case executed expressly incorporates the FAA.