# MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C.

Attorneys at Law

1311 MAMARONECK AVENUE, WHITE PLAINS, NY 10605
TEL: (914)517-5000  |  FAX: (914)517-5055

November 10, 2011

**VIA FEDERAL EXPRESS**

Pizza Hut of America, Inc.
Pizza Hut of Titusville, Inc.
Law Department
Attn: Tori Grill, Esq.
7100 Corporate Drive
Plano Texas 75025

Re: Violations of the Florida Minimum Wage Act
Our File No.: 17204

Dear Ms. Grill:

We represent Curtis Hanna, a Pizza Hut delivery driver in Cocoa Beach, Florida, and Marion A. Edinger, a former Pizza Hut delivery driver in Cocoa Beach, Florida, both of whom are seeking to join others in representing a class of all Pizza Hut delivery drivers in Florida. This letter constitutes notification to you concerning our intention to file a class action complaint seeking redress for Pizza Hut's willful and systematic violations of the Florida Minimum Wage Act ("FMWA") by failing to reasonably approximate delivery drivers' automotive expenses for reimbursement purposes, and, consequently, failing to pay drivers the minimum wage. The Defendants in this action will include Pizza Hut of America, Inc. and Pizza Hut of Titusville, Inc.,[1] which, upon information and belief, employed Mr. Hanna and Ms. Edinger from 2006-2009. Plaintiffs are seeking back-pay to compensate delivery drivers for all hourly wages below Florida's minimum wage, and injunctive relief to ensure that Pizza Hut pays delivery drivers the full minimum wage in the future.

The ownership of the Pizza Hut restaurant that employed Mr. Hanna and Ms. Edinger changed over time and it is unclear who owned the store at any given moment from 2006-2011. For ease of reference, this letter will document the entire amount owed from 2006-2011. We trust that you will be able to communicate with other Pizza Hut affiliates and franchisees to determine your share of the wages owed.

The FMWA requires that Pizza Hut pay delivery drivers a minimum wage. Unreimbursed employment-related expenses are counted against an employee's wages for purposes of calculating the employee's wages under the FMWA. While driving, Mr.

---

[1] It is our understanding that Pizza Hut of Titusville merged with Pizza Hut of America, that the two shared a common ownership, and that the two entities are functionally equivalent for present purposes. If you disagree with this position, please inform me by no later than November 17.

## MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C.

Tori Grill, Esq.
Re: Pizza Hut FMWA Violations
    Our File No.: 17116
    November 10, 2011

Hanna and Ms. Edinger were consistently paid at or near the minimum wage, and their colleagues were also paid at or near Florida's minimum wage.

Mr. Hanna and Ms. Edinger's vehicle-related expenses total approximately $0.585 per mile driven for work. During each hour of delivery, Mr. Hanna and Ms. Edinger made an average of approximately 6 deliveries and drove approximately 5 miles per delivery, for a total of approximately 30 miles driven per hour. Reimbursed properly, Mr. Hanna and Ms. Edinger should receive approximately $17.55 in vehicle-related reimbursement per hour ($0.585 * 30 = $17.55). However, Pizza Hut reimbursed them at a maximum rate of $1.02 per delivery – at six deliveries per hour, this amounts to just $6.12 per hour. Under the FMWA, Mr. Hanna and Ms. Edinger were therefore under-reimbursed by a total of at least approximately $11.43 per hour ($17.55 - $6.12 = $11.43).

We estimate that Pizza Hut must reimburse Mr. Hanna a total amount of approximately $54,864 in unpaid wages. This total is reached by multiplying the amount that Mr. Hanna is underpaid per hour ($11.43) by the number of hours he drives per week (approximately 20) by the number of weeks he works per year (approximately 48) by the number of years he has worked at Pizza Hut (5). Similarly, we estimate that Pizza Hut must reimburse Ms. Edinger a total amount of approximately $49,377 in unpaid wages. This total is reached by multiplying the amount that Ms. Edinger is underpaid per hour ($11.43) by the number of hours she drove per week (approximately 20) by the number of weeks she works per year (approximately 48) by the number of years she worked at Pizza Hut (approximately 4.5). Precisely calculating the total amount owed to Mr. Hanna and Ms. Edinger requires data that Pizza Hut possesses, so the above estimates are only intended to provide general notice; we expressly make no representations as to their accuracy and we waive no rights in this regard.

Calculating the total amount of unpaid wages Pizza Hut owes to the entire plaintiff class requires information that Pizza Hut possesses, including the approximate number of miles driven by Pizza Hut delivery drivers in the past 5 years, the total value of reimbursements paid by Pizza Hut and whether and how much any drivers received wages in excess of Florida's minimum wage. Pizza Hut's exposure can be calculated by determining the approximate number of miles driven, multiplying that number by a reasonable value for vehicle-related expenses ($0.585), and subtracting from that number the total amount of reimbursement paid by Pizza Hut in the past 5 years and the pro-rated value of any wages above minimum wage. We estimate that Pizza Hut's exposure exceeds $4 million, but this estimate is only intended to provide general notice; because Pizza Hut controls the relevant data, we expressly make no representations as to the estimate's accuracy and we are expressly reserving all of the class members' rights, including the right to recover the entirety of what they are owed.

2

MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.

Tori Grill, Esq.
Re:   Pizza Hut FMWA Violations
      Our File No.: 17116
      November 10, 2011

    I am prepared to discuss a resolution of this matter with you and ask that you contact me as soon as possible. In the event that you do not pay the full amount of unpaid wages within fifteen days, Mr. Hanna and Ms. Edinger intend to bring an action on behalf of themselves, and all others similarly situated, for injunctive relief, damages, liquidated damages, fees (including attorneys fees), costs and expenses and any other just and proper relief.

Very truly yours,

MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.

Jeremiah Frei-Pearson, Esq.
Direct No.: (914) 517-5006
jfrei-pearson@mdpcelaw.com

JFP/bls
cc:   Kevin Love, Esq.
      Criden & Love, P.A.
      7301 S. W. 57th Court, Suite 515
      South Miami, Florida 33143

      Thomas P. McGarrell, Esq.
      Spira, Beadle & McGarrell, P.A.
      5205 Babcock Street N.E.
      Palm Bay, Florida 32905-4638

00244678.Docx