MEISELMAN, PACKMAN,
NEALON, SCIALABBA & BAKER P.C.

Attorneys at Law

1311 MAMARONECK AVENUE, WHITE PLAINS, NY 10605
TEL: (914)517-5000   |   FAX: (914)517-5055

October 16, 2013

**VIA ELECTRONIC MAIL & REGULAR MAIL**

Geoffrey D. DeBoskey, Esq.
Jason Englund, Esq.
Sidley Austin
555 West Fifth Street
Suite 4000
Los Angeles, CA 90013
gdeboskey@sidley.com

Re:   Violations of the Florida Minimum
Wage Act

Dear Geoff:

We represent Justin Barkley, a Pizza Hut delivery driver who worked in Florida, who is seeking to represent a class of all Pizza Hut delivery drivers in Florida who have been harmed by Pizza Hut's willful and systematic violations of the Florida Minimum Wage Act ("FMWA"). Defendants Pizza Hut of America, Inc. and Yum! Brands, Inc. (collectively "Pizza Hut" or "Defendants") violated the FMWA by failing to adequately pay delivery drivers' automotive expenses for reimbursement purposes, and, consequently, failing to pay drivers the minimum wage. Plaintiff seeks back-pay to compensate delivery drivers for all hourly wages below Florida's minimum wage, and injunctive relief to ensure that Pizza Hut pays delivery drivers the full minimum wage in the future.

If you contend that Mr. Barkley signed an arbitration agreement, please promptly provide a copy of any arbitration agreement which bears his signature.

As Pizza Hut is fully aware, the FMWA requires that Pizza Hut pay delivery drivers a minimum wage. Unreimbursed employment-related expenses are counted against an employee's wages for purposes of calculating the employee's wages under the FMWA. While driving, Mr. Barkley was paid at or near the minimum wage, and his colleagues were also paid at or near Florida's minimum wage. However, Pizza Hut reimbursed Mr. Barkley at a rate of just $.79 per delivery, or less. Mr. Barkley travels approximately 5 miles per delivery. Accordingly, Mr. Barkley was reimbursed at a rate of approximately 15.8 cents per mile (79 cents divided by 5 miles equals 15.8 cents per mile). As Mr. Barkley's actual expenses totaled 58.5 cents per mile, he was underpaid by approximately 42.7 cents per mile (58.5 minus 15.8 equals 42.7).

# MEISELMAN, PACKMAN,
## NEALON, SCIALABBA & BAKER P.C.

Geoffrey D. DeBoskey, Esq.
Re:    Pizza Hut FMWA Violations
         October 14, 2013

Mr. Barkley drove approximately 70,500 miles as a delivery driver for Defendants from October 16, 2008 through December 7, 2009.  As a result, he was under-reimbursed by approximately $30,000, and Pizza Hut must reimburse Mr. Barkley approximately $30,250 in unpaid wages.  Precisely calculating the total amount owed to Mr. Barkley requires data that Pizza Hut possesses, so the above estimates are only intended to provide general notice; Mr. Barkley expressly make no representations as to their accuracy and he waives no rights in this regard.

Calculating the total amount of unpaid wages Pizza Hut owes to the entire proposed class requires information that Pizza Hut possesses, including the approximate number of miles driven by Pizza Hut delivery drivers in the past 5 years, the total value of reimbursements paid by Pizza Hut, and whether and how much any drivers received wages in excess of Florida's minimum wage.  Pizza Hut's exposure can be calculated by determining the approximate number of miles driven, multiplying that number by a reasonable value for vehicle-related expenses ($0.585), and subtracting from that number the total amount of reimbursements paid by Pizza Hut in the past 5 years.  We estimate that Pizza Hut's exposure exceeds $3 million.  Because Pizza Hut controls the relevant data, we expressly make no representations as to the amount owed to the class, and we are expressly reserving all of the class members' rights with respect to the actual amounts Pizza Hut owes them.

I am prepared to discuss a resolution of this matter with you and ask that you contact me as soon as possible.  In the event that you do not pay the full amount of unpaid wages within fifteen days, Mr. Barkley will file the above-discussed class action seeking injunctive relief, damages, liquidated damages, fees (including attorney's fees), costs and expenses, and any other just and proper relief.

Very truly yours,

MEISELMAN, PACKMAN, NEALON,
SCIALABBA & BAKER P.C.

Jeremiah Frei-Pearson, Esq.
Direct No.:  (914) 517-5006
jfrei-pearson@mdpcelaw.com

cc:    C. Ryan Morgan, Esq.
         Morgan & Morgan, P.A.
         20 North Orange Avenue, 14th Floor
         P.O. Box 4979
         Orlando, FL 32802-4979
         rmorgan@forthepeople.com

2