UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JUSTIN BARKLEY, BRIAN PHILLIPS, and JERRY J. WALSH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PIZZA HUT OF AMERICA, INC.<br><br>Defendant. | Case No. 6:14-cv-376-orl-18DAB |

## DEFENDANT'S PARTIAL MOTION TO DISMISS OR, IN THE ALTERNATIVE, PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Pizza Hut of America, Inc. ("Defendant"), by and through its attorneys, hereby files this Partial Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, Partial Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c), with respect to those portions of Plaintiffs' claims that are barred by the applicable statute of limitations. The applicable statute of limitations for all putative class members' claims under the Florida Minimum Wage Act ("FMWA") is a maximum of five years, as provided under the FMWA. While Plaintiffs' allege in their Amended Complaint that the statute of limitations for all members of their putative class automatically should be tolled for an additional period of four-and-a-half years, Plaintiffs' contentions with respect to tolling are foreclosed by well-established and binding Eleventh Circuit precedent and by Florida law. The time-barred portions of Plaintiffs' claims therefore should be dismissed.

Plaintiffs filed their Complaint in this case on March 7, 2014 (the "Complaint"), and filed their Amended Complaint in this case on October 16, 2014 (the "Amended Complaint"). *See*

Docket Nos. 1 (Complaint) and 84 (Amended Complaint).  In their Amended Complaint, they allege that they and the other members of their putative class, all of whom are former Pizza Hut delivery drivers in Florida, were not sufficiently reimbursed for the vehicle expenses they incurred delivering food items and beverages for Pizza Hut, causing their wages to dip below the Florida minimum wage in violation of the FMWA.  The maximum statute of limitations under the FMWA is five years. Fl. Stat. § 448.110(8); Fl. Stat. § 95.11(2)(d).  As a result, the relevant claims period in this case goes back no farther than March 7, 2009.

Plaintiffs nevertheless contend in their Amended Complaint that the claims of all of their putative class members automatically should extend back *four-and-a-half additional years* – to November 2, 2004.  *See* Amended Compl. at ¶ 60 (defining their putative class to include Florida delivery drivers "employed by Defendant since November 2, 2004").  Plaintiffs base their argument on the fact that individuals not part of their putative collective action previously filed putative class action claims against Pizza Hut alleging similar violations of the FMWA in two other cases (one of which was dismissed for lack of standing at the outset, and the other of which was compelled to arbitration at the outset and proceeded there only on an individual basis), and the fact that one other case previously was brought *against a wholly different defendant* alleging similar violations of the FMWA by that defendant.  *See* Amended Compl. at ¶¶ 14-17, 60.

Plaintiffs' contentions with respect to the relevant claims period in this case fail as a matter of law for three independent reasons.  First, the maximum statute of limitations under the FMWA is five years.  *See* Fl. Stat. § 448.110(8); Fl. Stat. § 95.11(2)(d).  Second, although Plaintiffs argue that the putative class members' claims automatically should be tolled as a result of prior class action cases, the Eleventh Circuit expressly prohibits the tolling of the limitations period for successive class actions, even where (as alleged by Plaintiffs) they involve the same

putative class members and encompass similar or identical claims. *See Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994). Thus, the fact that putative class members in this case previously were putative class members in similar or identical cases cannot be a basis for tolling of the statute of limitations, as it is foreclosed by binding Eleventh Circuit precedent. *Id.* Additionally, Plaintiffs' tolling arguments fail for a wholly separate reason, as well. Florida law makes clear that tolling of the statute of limitations is available only in very specific circumstances enumerated in the relevant state statute (none of which include prior putative class actions) or when extraordinary circumstances are present (which do not include prior putative class actions). As a result, Plaintiffs' claim that the statute of limitations for all putative class members automatically should extend beyond the maximum statute of limitations under the FMWA as a result of prior putative class actions fails as a matter of both Eleventh Circuit and Florida law. Pizza Hut's Partial Motion to Dismiss or, in the alternative, Partial Motion for Judgment on the Pleadings denying those portions of Plaintiffs' claims outside the five-year statute of limitations therefore should be granted.

In support of its motion, Defendant states as follows:

**Factual Background[1]**

1. On March 7, 2014, Plaintiffs filed their initial Complaint against Defendant in this case. *See* Compl.

2. On October 16, 2014, Plaintiffs filed an Amended Complaint against Defendant. In the Amended Complaint, Plaintiffs seek to represent a class of "all Florida delivery drivers employed by Defendant since November 2, 2004 who have been and/or are being paid an hourly

---

[1] For purposes of its partial motion to dismiss pursuant to Rule 12(b)(6) only, Pizza Hut accept as true the allegations pleaded by Plaintiffs in the Amended Complaint.

3

wage below Florida's minimum wage," with the exception of delivery drivers for whom Pizza Hut has located signed arbitration agreements.  Amended Compl. ¶¶ 1, 60.

3.      Plaintiffs concede that Pizza Hut at all times paid Plaintiffs and other delivery drivers the minimum wage required under Florida law, plus reimbursement for automobile expenses incurred during deliveries.  *See* Amended Compl. ¶¶ 25, 49.  Plaintiffs nevertheless allege that Pizza Hut's reimbursement rate was insufficient to cover Plaintiffs' actual automobile expenses, causing their net wages to fall below the minimum wage required under the FMWA.  *See* Amended Compl. ¶ 51.

4.      Plaintiffs allege that their claims and the claims of their putative class members in this case automatically should be tolled beyond the maximum statute of limitations under the FMWA to November 2, 2004, based on the filing of putative class action claims by different plaintiffs (and in one case, against a different defendant) in three cases.  Amended Compl. ¶ 60.

5.      The first is *Smith v. Pizza Hut, Inc*., District of Colorado Case No. 09-cv-1632-CMA-BNB  (Arguello, J.) (the "Smith Litigation").  On July 9, 2009, a Pizza Hut delivery driver in Colorado filed a putative collective and class action alleging minimum wage claims under the Fair Labor Standards Act ("FLSA").  *See* Amended Compl. ¶ 14.  The initial Complaint in the *Smith* case did not include a claim under the FMWA, but the named plaintiff filed an Amended Complaint in *Smith* on March 31, 2010 that added a putative class claim under the FMWA.  *See Smith v. Pizza Hut,* District of Colorado Case No. 09-cv-1632-CMA-BNB, at Docket Nos. 1 (Complaint) and 99 (Amended Complaint).  The court dismissed the FMWA claim on July 14, 2011 for lack of standing, and a class was never certified with respect to the FMWA claim.  *See* Amended Compl. ¶ 14.

4

6. The second is *Hanna v. CFL*, Florida Circuit Court, Brevard County Case No. 05-2011-CA-52949 (Maxwell, J.) (the "CFL Litigation"). In this case, two former Pizza Hut delivery drivers in Florida (who also were represented by the same Plaintiffs' counsel as in this case) filed a lawsuit against an entirely different company, which has purchased Pizza Hut restaurants in Florida from Pizza Hut, alleging similar violations of the FMWA. Amended Compl. ¶ 15. This case was filed on October 25, 2011 and dismissed on June 21, 2012. *Id.* at ¶¶ 15-16.

7. The third is *Hanna v. Pizza Hut of America, Inc.*, Middle District of Florida Case No. 8:12-cv-01863-SDM-EAJ (Merryday, J.) ("Hanna Litigation"). On July 10, 2012, the same two plaintiffs as in the CFL Litigation (again represented by the same Plaintiffs' counsel as in this case) filed a putative class action claim against Pizza Hut alleging similar violations of the FMWA. Amended Compl. ¶ 17. After Pizza Hut produced arbitration agreements for the named plaintiffs, the parties agreed to proceed with arbitration. *Id.* at ¶ 17. The arbitrator ruled that the arbitration could proceed only on an individual, and not on a class-wide, basis, under the applicable arbitration agreement. *See, e.g.*, Order on Motion to Compel Arbitration, Docket No. 69, at 3 ("In a thorough opinion, the arbitrator [in *Hanna*] reviewed the arbitration provision and concluded that the agreement did not permit class arbitration.").

8. Plaintiffs have not alleged in their Amended Complaint any other bases on which they contend that they or any other putative class members are entitled to tolling of the statute of limitations in this case.

## The Portions of Plaintiffs' FMWA Claims that are Outside the Five-Year Statute of Limitations Should Be Dismissed as Time-Barred

9. A motion to dismiss will be granted for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Liste v. Cedar Fin.*, No. 8:13-CV-3001-T-

5

30AEP, 2014 WL 1092347, at *1 (M.D. Fla. Mar. 19, 2014) ("To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (internal quotations omitted)); *Holton v. Florida*, No. 8:07-CV-43-T-24EAJ, 2007 WL 641262, at *1 (M.D. Fla. Feb. 26, 2007) (same). In addition, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

10. The maximum statute of limitations set by the FMWA is five years. *See* Fla. St. § 448.110(6)(b); Fl. St. § 95.11(2)(d). Therefore, absent tolling of the statute of limitations, Plaintiffs' claims can extend back only to March 7, 2009 – five years from the filing of the original Complaint.

11. Plaintiffs allege in their Amended Complaint that they and the members of their putative class are entitled to automatic tolling of the statute of limitations, based solely on the fact that putative class members in this case also were putative class members in other cases alleging similar or identical FMWA claims.

12. Plaintiffs have failed to state a claim with respect to those portions of their FMWA claims that are outside of the five-year statute of limitations, because their allegations regarding the tolling of the statute of limitations fail as a matter of law. Even taking all of Plaintiffs' allegations in the Amended Complaint as true, the Eleventh Circuit expressly forecloses tolling in these circumstances. Indeed, the Eleventh Circuit has expressly held that "the pendency of a previously filed class action does *not* toll the limitations period for additional class actions by putative members of the original asserted class." *See Griffin*, 17 F.3d at 359.

6

13. Independently, Plaintiffs' allegations regarding tolling also fail as a matter of law because, even taking Plaintiffs' allegations in the Amended Complaint as true, Florida law also does not allow tolling in these circumstances.

14. Florida law allows for tolling of the statute of limitations in very specific and limited circumstances – including, for example, adjudicated incapacity, concealment, or absence from the state by the person to be sued – but not including prior class action cases.

15. Tolling of statutory claims under Florida law (such as the FMWA at issue in this case) is governed by Fl. Stat. § 95-051(1), which provides for tolling only in specific circumstances that are enumerated in the statute. A prior class action is not one of those enumerated circumstances.

16. Some Florida courts also have held that the extraordinary remedy of equitable tolling can be available in some circumstances in addition to those enumerated in the statute – but, in so holding, have made clear that this extraordinary remedy must be extended sparingly and only in highly specific situations. Again, a prior class action is not a circumstance warranting that extraordinary remedy under Florida law.

17. Accordingly, Plaintiffs are not entitled to tolling of the statute of limitations as a matter of law, and Defendants therefore are entitled to an order dismissing those portions of Plaintiffs' FMWA claims that are outside the applicable five-year statute of limitations

18. Granting the relief sought in this Motion will further judicial economy and conserve valuable time and resources, including without limitation in discovery in this matter.

19. Pursuant to Local Rule 3.01(g), counsel for Defendants have conferred with counsel for Plaintiffs in a good faith effort to resolve the issues in this Motion, and Plaintiffs have declined to agree to the relief requested by Defendants at this time.

WHEREFORE, Defendant respectfully requests this Court to grant its Partial Motion to Dismiss or, in the alternative, Partial Motion for Judgment on the Pleadings, dismissing those portions of Plaintiffs' claims that are outside of the five-year statute of limitations as time-barred, denying Plaintiffs' attempt to toll the statute of limitations, and for such other relief that the Court deems just and proper.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

Under the FMWA, the maximum statute of limitations is five years. *See* Fl. St. § 448.110(6)(b); Fl. St. § 95.11(2)(d). Plaintiffs contend in their Amended Complaint the statute of limitations period automatically should be tolled for an additional period of four-and-a-half years, based on prior class action cases involving substantially similar claims. Plaintiffs' contention is foreclosed by both Eleventh Circuit and Florida law, however.

The Eleventh Circuit, like other circuits, has held that "the pendency of a previously filed class action does *not* toll the limitations period for additional class actions by putative members of the original asserted class." *See Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994) (emphasis added). As the Eleventh Circuit has explained, "plaintiffs may not 'piggyback one class action onto another' [for statute of limitations purposes] . . . and thereby engage in endless rounds of litigation in the district court and in this Court over the adequacy of successive named plaintiffs to serve as class representatives." *Id.* (internal citations omitted); *see also Love v. Wal-Mart Stores, Inc.*, No. 12-61959-CIV, 2013 WL 5434565, at *2-3 (S.D. Fla. Sept. 23, 2013) (holding that *Griffin's* "bright-line rule barring successive class claims by former class members" remains controlling precedent in the Eleventh Circuit, rejecting the plaintiffs' argument that recent Supreme Court precedent involving "discreet issues of federalism" abrogated *Griffin*).

Plaintiffs likely will attempt to rely on the Supreme Court's decision in *American Pipe &*

*Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) and its progeny, which stand for the proposition that a plaintiff bringing an *individual claim* can, in certain circumstances, invoke equitable tolling for the period of time that he previously was a putative class member in a sufficiently similar putative class action. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352 (1983) (holding that the *American Pipe* tolling rule applies to class members who choose to file their own separate suits). But the Eleventh Circuit expressly has held that equitable tolling under the Supreme Court's decision in *American Pipe* is limited to the filing of an *individual case* after a class action case – and simply *does not apply in successive class action cases*. *Griffin*, 17 F.3d at 359. Accordingly, any attempts by Plaintiffs to argue that the putative class claims in this case should be equitably tolled as a result of prior class action cases are squarely foreclosed by binding Eleventh Circuit precedent.

Separately, Plaintiff's tolling arguments with respect to their individual claims also are foreclosed by Florida law. Florida law provides that tolling of the statute of limitations is only available in specific circumstances enumerated by statute – none of which are present in this case. *See* Fl. Stat. § 448.110(6)(b); § 95.051(1); *see also Baez v. Root*, No. 13-81158-CIV, 2014 WL 1414433, at *3 (S.D. Fla. Apr. 11, 2014) ("Florida Statute 95.051(2) provides for an exclusive list of circumstances where the statute of limitations is tolled and expressly precludes use of any tolling provision not listed."); *Wiand v. Dewane*, No. 8:10-CV-246-T-17MAP, 2011 WL 4459811 (M.D. Fla. Sept. 26, 2011) (holding that the Florida legislature "has made clear its intent to exclude all tolling exceptions not listed in the statute"). Simply put, Florida law does not recognize prior class actions as one of the specific situations where tolling may apply. *See* Fl. Stat. § 95.051(1); *In re Vitamins Antitrust Lit.*, 183 F. App'x 1, 2 (D.C. Cir. May 15, 2006) (applying Florida law and finding that "[t]he Florida legislature has enumerated eight scenarios

9

in which the applicable statute of limitations is tolled, and a pending class action is not one of them").

Many Florida courts have held that the "extraordinary remedy" of equitable tolling is not otherwise available in litigation matters involving Florida statutory claims. *See*, *e.g.*, *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, No. 6:08–cv–466–Orl–28GJK, 2010 WL 1408391, at *15 (M.D. Fla. Apr. 6, 2010) (holding "that equitable tolling does not apply outside of administrative actions"); *Baez*, 2014 WL 1414433, at *2 ("Under Florida law . . ., equitable tolling is unavailable outside of the administrative context."). While other courts have recognized that equitable tolling *may* be available in circumstances not enumerated in the statute, they have made clear that this is an extremely limited exception – and by no means the rule. For example, the Eleventh Circuit has recognized that the "extraordinary remedy" of equitable tolling *may* apply to individual claims "only sparingly" and only in limited circumstances not at all applicable here. *See Aruanno v. Martin Cnty. Sheriff*, 343 Fed. App'x 535, 537 n.2 (11th Cir. 2009) (finding no valid reason to allow for equitable tolling of the limitations period) (internal citations omitted); *Starling v. R. J. Reynolds Tobacco, Co.*, 845 F. Supp. 2d 1215, 1234, 1241 (M.D. Fla. 2011) (distinguishing *Pierson* on grounds inapplicable to this case and applying equitable tolling on the basis that the defendant "lulled the plaintiff into inaction," but noting that the court was wary of "extending equitable tolling beyond" the unique facts of the case). Simply put, the existence of prior class action litigation does not qualify. This hardly is surprising, because the question of whether any individual putative plaintiff can meet the very high burden of showing that he or she was "misled" and "in some extraordinary way been prevented from asserting [his or her] rights" necessarily would involve highly fact-specific and individualized inquires that are improper for class-wide treatment. As a result, Plaintiffs' claims that fall

10

outside the applicable five-year statute of limitations must be dismissed.

WHEREFORE, Defendant requests that the Court grant its Partial Motion to Dismiss or, in the alternative, for Partial Judgment on the Pleadings, dismiss Plaintiffs' claims that are outside the applicable five-year statute of limitations as time-barred, and deny Plaintiffs' attempt to equitably toll the statute of limitations.


Dated:  November 3, 2014

Respectfully submitted,

/s/ Joseph C. Cooper
Lori Y. Baggett
Florida Bar No. 602124
lbaggett@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
P. O. Box 3239
Tampa, FL  33601
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
Email: lbaggett@cfjblaw.com

Geoff D. DeBoskey (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, California 90013
Telephone:  213-896-6000
Facsimile:  213-896-6600
Email: gdeboskey@sidley.com

Sarah M. Konsky (admitted *pro hac vice*)
Joseph C. Cooper (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
Email:  skonsky@sidley.com
Email:  Joseph.Cooper@sidley.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to**:**

    C. Ryan Morgan
    Morgan & Morgan, P.A.
    20 North Orange Avenue
    Orlando, Florida 32801
    rmorgan@forthepeople.com

    Jeremiah Frei-Pearson
    Meiselman, Packman, Nealon, Scialabba & Baker, P.C.
    1311 Mamaroneck Avenue
    White Plains, New York 10605
    jfrei-pearson@mpnsb.com

                      /s/ *Joseph C. Cooper*
                      Attorney

ACTIVE 204236733v.6