**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JUSTIN BARKLEY; BRIAN PHILLIPS;
and JERRY J. WALSH,

        Plaintiffs,

v.                                            Case No. 6:14-cv-376-Orl-37DAB

PIZZA HUT OF AMERICA, INC.,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant's Partial Motion to Dismiss or, in the Alternative, Partial Motion for Judgment on the Pleadings (Doc. 89), filed November 3, 2014; and

2. Plaintiff's Memorandum of Law in Support of Their Opposition to Defendant's Partial Motion to Dismiss or, in the Alternative, Partial Motion for Judgment on the Pleadings (Doc. 91), filed November 20, 2014.

Upon consideration, the Court finds that the motion is due to granted in part and denied in part.

**THE INSTANT ACTION**

Three ex-delivery drivers for Defendant Pizza Hut of America, Inc.—Justin Barkley, Brian Phillips, and Jerry Walsh ("Plaintiffs")—bring this action to recover unpaid minimum wages pursuant to the Florida Minimum Wage Act ("FMWA"). (Doc. 1.) Plaintiffs, who bring their claims individually and on behalf of all others similarly situated (*see id.* ¶¶ 6, 59–70), allege that they are owed damages because, in failing to "provide reimbursements for driving-related expenses that were equal to the actual driving-related

expenses incurred by Plaintiffs and the Class," "Defendant systematically and willfully did not pay [them] the minimum wage to which they are entitled under the FMWA" (*id.* ¶ 73).

Defendant moves to dismiss all claims that fall outside of the FMWA's five-year statute of limitations, thus limiting the action to claims that date back to March 7, 2009—five years before the date the initial complaint was filed. (Doc. 89, p. 5; *see also* Doc. 1.) Plaintiffs concede that the FMWA has a five-year statute of limitations, *see* Fla. Stat. §§ 448.110(6)(b), 95.11(2)(d), but argue that they are entitled to equitable tolling of the statute of limitations based on the fact that putative class members in this case were putative class members in other cases alleging similar or identical FMWA claims, particularly *Smith v. Pizza Hut, Inc.*, No. 09-1632 (D. Colo.) ("*Smith*"); *Hanna v. CFL Pizza, LLC*, No. 05-2011-CA-52949 (Fla. Cir. Ct. Brevard Cnty.) ("*Hanna*"); and *Hanna v. Pizza Hut of America, Inc.*, No. 8:12-cv-01863-SDM-EAJ (M.D. Fla.) ("*Hanna II*") (collectively, the "Previous Putative Class Actions"). (*See* Doc. 91, pp. 12–14 (relying on *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552–53 (1974)); *see also* Doc. 1, ¶¶ 16–18.)

## THE PREVIOUS PUTATIVE CLASS ACTIONS

For context, the Court provides the following review of the Previous Putative Class Actions.

### I. The *Smith* Action

Colorado Plaintiff Mark Smith initiated the *Smith* action against Pizza Hut, Inc. in July of 2009 on behalf of himself and "all others similarly situated," alleging violations of the Fair Labor and Standards Act ("FLSA") and Colorado minimum wage statute. (*See Smith*, Doc. 1.) On March 31, 2010, Smith filed an amended complaint that alleged violations of various state law minimum wage statutes, including the FMWA. (*Id.*,

Doc. 99.) The *Smith* court concluded that Mr. Smith "lack[ed] standing to bring claims on behalf of a class under the laws of states where [he] never lived or resided." (*Id.*, Doc. 201.) It, therefore, dismissed the class action as to the state law claims for lack of standing on July 14, 2011. (*Id.*)

## II.     The *Hanna* Action[1]

On October 25, 2011, Florida plaintiffs—"on behalf of a class of Florida Pizza Hut delivery drivers"—filed a similar putative class action against CFL Pizza, LLC, a company that bought approximately ninety-one stores from Defendant Pizza Hut in 2009. (Doc. 1, ¶ 16 (citing *Hanna*); Doc. 89, p. 5.) They also named Pizza Hut as a defendant on the theory of successor liability. (Doc. 84, ¶ 15.) CFL Pizza, LLC moved to dismiss, arguing, *inter alia*, that the doctrine of successor liability did not apply. (*Id.* ¶ 17.) The *Hanna* court agreed and, on June 21, 2012, it dismissed the claims against Pizza Hut and CFL Pizza, LLC "for the time prior to [December 7, 2009] when CFL purchased the restaurants" that employed the plaintiffs. (Doc. 1, ¶ 17; Doc. 89, p. 5; Doc. 91, pp. 9–10.) The court later approved a class-wide settlement for the claims against the *Hanna* defendant, but not against Defendant Pizza Hut. (Doc. 1, ¶ 17.)

## III.    The *Hanna II* Action[2]

In light of the *Hanna* court's ruling denying successor liability, on July 10, 2012,

---

[1] The Court relies on the parties' representations regarding the details of this state court action, which are not contested.

[2] This action was originally filed in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, but was removed to the Middle District of Florida on August 16, 2012. *See* No. 8:12-cv-01863-SDM-EAJ, Doc. 1; *see also Hanna v. Pizza Hut of America, Inc.*, et al., No. 12-CA-011129 (Fla. Cir. Ct. Hillsborough Cnty.). The Court cites to the federal docket whenever possible, but relies on the parties' representations as to the state court filings.

3

two *Hanna* plaintiffs brought a putative class action against Defendant Pizza Hut of America, Inc., alleging violations of the FMWA. (*See Hanna II*, Doc. 2.) However, when the *Hanna II* defendant moved to compel arbitration pursuant to a governing arbitration agreement (*id.*, Docs. 4, 5; *see also* Docs. 4-1, 4-2, 4-3, 5-1, 5-2, 5-3), the *Hanna II* plaintiffs voluntarily submitted the claims to arbitration (*id.*, Doc. 9; *see also* Doc. 11). On July 23, 2013, the arbitrator held that the arbitration agreement did not allow for class arbitration and that arbitration could proceed on an individual, not a class-wide, basis. (Doc. 91, pp. 10, 13 n. 3; Doc. 89, p. 5.)

## LEGAL STANDARDS AND DISCUSSION

Defendant asserts that the Previous Putative Class Actions did not toll the statute of limitations for Plaintiffs' class claims or individual claims. (Doc. 89.) Eleventh Circuit precedent articulates a different standard for each type of claim, and the Court will discuss them each in turn.

### I.     Class Action Claims

The Eleventh Circuit's "no piggyback rule" for class actions mandates that "the pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class." *Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994). That is, plaintiffs cannot "piggyback one class action onto another . . . and thereby engage in endless rounds of litigation in the district court . . . over the adequacy of successive named plaintiffs to serve as class representatives" or the denial of class certification.[3] *Id.*

---

[3] Plaintiffs' argument that *Griffin*'s "no piggyback rule" is applicable only when a court declines to certify a putative class (Doc. 91, pp. 7–8, 13–17) is precluded by the Eleventh Circuit's recent decision in *Ewing Industries Corporation v. Bob Wines Nursery,*

4

In other words, if a court declines to certify a putative class action *or* dismisses a putative class action due to the inadequacy of the plaintiff, the statute of limitations *is not* tolled for the period of time that the class action was pending for plaintiffs who attempt to bring another *class action*. The outcomes of the Previous Putative Class Actions were as follows: (1) the *Smith* court dismissed the FMWA claims due to the inadequacy of the plaintiff, (*see Smith*, Doc. 201); (2) the *Hanna* court declined class certification of those claims that involved allegations against this Defendant, (*see* Doc. 1, ¶ 17; Doc. 89, p. 5; Doc. 91, pp. 9–10); and (3) the *Hanna II* arbitrator declined class-wide arbitration, (*see* Doc. 91, pp. 10, 13 n. 3; Doc. 89, p. 5). Thus, Plaintiffs are not entitled to tolling of the statute of limitations for the putative class claims against Defendant.

## II.   Individual Claims

The statute of limitations *is* tolled for the duration of a previously filed putative class action for plaintiffs who choose to intervene in the action to pursue their individual claims, *see Am. Pipe & Constr. Co.*, 414 U.S. at 552–53, or plaintiffs who subsequently file individual actions, *see Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353–54 (1983). Plaintiff's individual FMWA claims are, therefore, entitled to equitable tolling. *See Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 (11th Cir. 2003) (acknowledging that "[t]here is no dispute that *American Pipe* has been followed in state courts" in regards to Florida state law claims). The statute of limitations is tolled from the date that the putative class claims are filed until the date that the court enters an order dismissing the class claimants and

---

*Inc.*, which confirms that *Griffin* governs not only when a preceding putative class action was dismissed due to a defect in the class itself, but also when the preceding class action was dismissed "due to the inadequacy of the class representative." *Ewing*, No. 14-13842, 2015 WL 4605234, at *1, *3 (11th Cir. Aug. 3, 2015).

5

claims or declining class certification. *See Armstrong v. Martin Marietta Corp.*, 93 F.3d 1505, 1509 (11th Cir. 1996); *Griffin*, 17 F.3d at 360.

The statute of limitations for an FMWA claim begins to run on the date that the alleged violation occurred. Fla. Stat. §§ 448.110(6)(b). The parties do not cite, nor has the Court located, any authority that discusses the date an FMWA violation occurs. Looking to the law regarding unpaid minimum wages pursuant to the Fair Labor and Standards Act the Court concludes that: (1) a cause of action for an unpaid minimum wage claim accrues on each regular payday that the employer fails to pay required compensation; and (2) the date the cause of action accrues is the date the violation occurs. *Martin v. United States*, 117 Fed. Cl. 611, 620 (2014) (holding that the date that the cause of action accrues is also the date that the violation occurs for purposes of the statute of limitations); *see also Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985) ("The employee must *actually receive* the minimum wage each pay period); 29 C.F.R. § 790.21(b). Thus, each pay period begins a new statute of limitations period.

As all three individual Plaintiffs began working for Defendant at different times, the Court will evaluate their causes of action individually.

Plaintiff Barkley worked for Defendant "from 2008 until December 7, 2009." (Doc. 84, ¶ 9.) Because he does not provide the actual date he began working for Defendant in 2008, the Court will assume that he started on January 1 of that year. If a violation had occurred on January 1, 2008, Barkley would have had five years, or 1,826 days, to bring the claim for willful violation of the FMWA; thus, he would have had to bring his claim by January 1, 2013. However, the statute of limitations was tolled during the

pendency of the *Smith* action—from March 31, 2010, when Barkley became a putative class member, until July 14, 2011, when the *Smith* court dismissed the FMWA claims, a total of 471 days—so Barkley would have had an additional 471 days from January 1, 2013, to bring his claims, giving him until April 4, 2014. Plaintiffs commenced this action on March 7, 2014, prior to the April 4 expiration of the statute of limitations.[4] (*See* Doc. 1.) Therefore, even if Barkley started working for Defendant on January 1, 2008, his claim can encompass his entire term of employment.

It follows, then, that the claim by Plaintiff Phillips, who began working for Defendant in *June* of 2008 (*see* Doc. 84, ¶ 10), can encompass Phillips' entire term of employment, as well.

Plaintiff Walsh worked for Defendant from 1995 until December 7, 2009. (*Id.* ¶ 11.) The viable claims period for Walsh consists of the five years prior to the filing of the complaint plus any time gained from the application of equitable tolling.[5] The statute of limitations for Walsh's claims was tolled during the timeframes that he was a putative class members in the Previous Putative Class Actions, (1) March 31, 2010—when the *Smith* plaintiff amended his complaint to include FMWA claims—until July 14, 2011— when the *Smith* court dismissed the FMWA claims due to the inadequacy of the plaintiff (total of 471 days), (*see Smith*, Docs. 99, 201); (2) October 25, 2011—when the *Hanna* plaintiffs filed the putative class action asserting claims that involved Defendant—until June 21, 2012—when the *Hanna* plaintiffs' class claims pertaining to Defendant were

---

[4] *Hanna* or *Hanna II* actions and the pre-suit notice are not implicated because tolling from the *Smith* action brings Barkley's entire term of employment within the statute of limitations.

[5] Nothing in the record suggests that the statute of limitations would have been tolled at any time between 1995 and 2009.

dismissed (total of 241 days), (*see* Doc. 1, ¶ 17; Doc. 89, p. 5; Doc. 91, pp. 9–10); and (3) from July 10, 2012—when the *Hanna II* plaintiffs filed the putative class action against Defendant—until July 23, 2013—when the *Hanna II* arbitrator declined to permit class-wide arbitration (total of 379 days), (*see Hanna II*, Doc. 2; Doc. 91, pp. 10, 13 n. 3; Doc. 89, p. 5). The statute of limitations was tolled for an additional fifteen days by Walsh's pre-suit notice. *See* Fla. Stat. § 448.110(6)(a) (requiring individuals to provide pre-suit notice to give the defendant opportunity to pay any unpaid wages); § 448.110(6)(b) (stating that the statute of limitations is tolled for fifteen days after the Defendant receives the notice); (*see also* Doc. 92-4 (Walsh's pre-suit notice)). As a result, Walsh is entitled to 1,106 days of tolling. The resultant viable claims period is therefore from February 27, 2006 (1,826 days for the statute of limitations plus an additional 1,106 days during which the statute was equitably tolled.) Therefore, Walsh's claim dates from the first regular pay period following February 27, 2006, until the end of his employment with Defendant.[6]

### III.    Equitable Estoppel

As a final matter, the Court rejects Plaintiffs' argument that "Defendant is equitably estopped from asserting the statute of limitations to cover the time period during with Plaintiffs postponed filing the instant action in response to Defendant's request that it be given more time to locate alleged arbitration agreements." (Doc. 91, pp. 22–23.) "Equitable estoppel presupposes a legal shortcoming in a party's case that is directly attributable to the opposing party's misconduct" and operates to "prevent a party from profiting from his or her wrongdoing." *MLB v. Morsani*, 790 So.2d 1071, 1076, 1078 (Fla. 2001) Plaintiffs allege only that Defendant did not want to engage in substantive pre-

---

[6] December 7, 2009. (Doc. 84, ¶ 11.)

suit negotiations and that it requested additional time to find arbitration agreements that it has yet to produce. (Doc. 1, ¶¶ 58–60.) Simply put, these allegations do not support the contention that Defendant's behavior amounted to the sort of "misconduct" required for equitable estoppel to apply.[7] *See Morsani*, 790 So. 2d at 1076 (explaining that equitable estoppel applies "when one party lulls another party into a disadvantageous legal position, effectively leading that party to change its position for the worse and act "injuriously" to itself).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Partial Motion to Dismiss or, in the Alternative, Partial Motion for Judgment on the Pleadings (Doc. 89) is **GRANTED IN PART and DENIED IN PART**.

   a. The Motion is **GRANTED** as to Plaintiffs' putative class claims. In accordance with the statute of limitations, the FMWA class claims date back to March 7, 2009.

   b. The Motion is **DENIED** as to Plaintiffs' individual FMWA claims. Plaintiffs Justin Barkley and Brian Phillips's claim cover their entire term of employment with Defendant. Plaintiff Jerry J. Walsh's claim covers his period of employment from February 27, 2006, to December 7, 2009.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 21, 2015.

---

[7] The Court rejects all other arguments not specifically addressed.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record