**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JUSTIN BARKLEY; BRIAN PHILLIPS;
and JERRY J. WALSH,

        Plaintiffs,

v.                                                                                  Case No. 6:14-cv-376-Orl-37DAB

PIZZA HUT OF AMERICA, INC.,

        Defendant.

## ORDER

This matter is before the Court on:

1. Plaintiffs' Motion to Seal Documents and File in Paper Format (Doc. 117), filed September 9, 2015;

2. Defendant's Response to Plaintiffs' Motion to Seal Documents and File in Paper Format (Doc. 123), filed September 28, 2015; and

3. Plaintiffs' Unopposed Motion to Seal Documents and File in Paper Format (Doc. 124), filed October 2, 2015.

## BACKGROUND

The parties to this Florida Minimum Wage Act ("FMWA") action seek to file under seal particular documents related to Plaintiffs' forthcoming motion for class certification. The parties have agreed that the following documents are confidential and should be filed under seal: (1) PHBarkley00049329, which contains identifying information of the putative class members ("Class List") (Doc. 117, p. 1); (2) six arbitration awards[1] ("Arbitration

---

[1] The Interim Award issued on September 22, 2015, in *In re: Arbitration Between Becky Sikes and Pizza Hut, Inc. et al.*, AAA Case No. 33-20-1400-0064; the Final Award

Awards") (Doc. 117, p. 2; Doc. 124, p. 1); and (3) Plaintiffs' notice of supplemental authority in support of their forthcoming motion for class certification ("Notice") (Doc. 124, p. 1).

Defendant additionally requests leave to file the following documents under seal: (1) Erika Burkhardt's deposition transcript ("Burkhardt Depo"); (2) Dr. Edward T. Wolpert's expert report and declaration ("Wolpert Report"); (3) Dr. D. Paul Regan's expert report ("Regan Report"); (4) PHBarkley004519, "an internal Pizza Hut document that lists the reimbursement rate paid to Pizza Hut delivery drivers" ("Reimbursement Document").[2] (Doc. 123, pp. 3–4.) Defendant contends that each of those documents includes confidential and proprietary information. (*Id.*) Finally, Defendant submits that the following documents should be filed with redactions: (1) Plaintiffs' forthcoming motion for class certification ("Class Certification Motion"); and (2) Jeremiah Frei-Pearson's declaration ("Frei-Pearson Declaration"). (*Id.* at 4–5.) Plaintiff opposes Defendant's additional requests.[3] (Doc. 117, pp. 7–10.)

---

issued on August 13, 2015, in *Clark v. Pizza Hut of America, Inc. and Pizza Hut, Inc.*, AAA Case No. 33-20-1300-0399; the Final Award issued on August 13, 2015, in *Wright v. Pizza Hut of America, Inc. and Pizza Hut, Inc.*, AAA Case No. 33-20-1300-0398; the Final Award issued on June 19, 2015, in *Rausch v. Pizza Hut of America, Inc. and Pizza Hut, Inc.*, AAA Case No. 33-20-1300-0513; the Interim Award issued on January 8, 2015, in *Edinger v. Pizza Hut of America, Inc. and Pizza Hut, Inc.*, AAA Case No.33-20-1400-0053; the Interim Award issued on December 22, 2014, in *Rausch v. Pizza Hut of America, Inc. and Pizza Hut, Inc.*, AAA Case No. 33-20-1300-0513. (Doc. 117, pp. 2–3; Doc. 124, p. 1.)

[2] Defendant actually requests leave to file these documents under seal in its Response to Plaintiffs' Motion to Seal Documents and File in Paper Format. (*See* Doc. 123.) Thus, the Court construes Defendant's Response (Doc. 123) as a motion to seal, which it will take under advisement.

[3] The parties represent that they discussed these issues prior to filing the instant motions. Accordingly, Plaintiffs opposed Defendant's request to seal documents in their Motion to File under Seal. (*See* Doc. 117.)

**STANDARDS**

A party seeking to file under seal in the Middle District of Florida must first comply with the procedural requirements set forth in the Local Rules. The party must file a motion to seal that identifies and describes each item proposed for sealing. Local Rule 1.09(a). The motion should include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Id.*

In addition to determining whether the party has complied with Rule 1.09(a), the Court must consider the "common law right" of the public to "inspect and copy judicial records and public documents." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted). A party may overcome the "common law right of access" if it is able to show that good cause exists. *MEDAI, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012); *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). To determine whether a party has met this burden, the Court must balance the public's right of access against the party's interest in keeping the information confidential. *Romero*, 480 F.3d at 1246. In balancing these interests:

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy intersts, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns the public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citations omitted).

## DISCUSSION

The parties have complied with the procedural requirements set forth in Rule 1.09(a). (*See* Docs. 117, 123, 124.) Upon conducting the balancing test between the public's right of access and the parties' interest in keeping information confidential, the Court finds that Plaintiffs' unopposed requests are due to be granted and Defendant's contested requests are due to be granted in part and denied in part. The Court will address each request in turn.

**Class List**: The parties agree[4] that the Class List should be sealed because it contains personal identifying information of the putative class members that should be kept confidential. (Doc. 117, p. 7; Doc. 123, p. 12.) This request is due to be granted. *See Calderone v. Scott*, No. 2:14-cv-519-FTM-29CM, 2015 WL 4395623, at *4 (M.D. Fla. July 16, 2015) (ruling that the list of putative class members' and their personal identifying information must be kept confidential and should not be included in a public filing).

**Arbitration Awards**: The parties agree that the Arbitration Awards should be sealed because they were issued in confidential arbitration proceedings. (Doc. 117, p. 7; Doc. 123, pp. 11–12.) Courts tend to honor parties' decisions to enter into confidential arbitration; thus, they keep those proceedings, including awards, confidential, particularly

---

[4] "[W]hether documents may be filed under seal is a separate issue from whether the parties [] agree that the documents are confidential, because the public has a 'common law right to inspect and copy judicial records and documents.'" *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, No. 3:10-cv-978-J-37JBT, 2011 WL 5357843, at *1 (M.D. Fla. Nov. 1, 2011). Thus, even if a motion to seal is not challenged, the Court, as "'the primary representative of the public interest in the judicial process,' is bound by duty 'to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record.'" *Id.* at *2 (citation omitted).

because: (1) parties often enter into them to maintain confidentiality; and (2) it promotes the voluntary execution of private arbitration agreements—a sound public policy objective. *See e.g.*, *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 592 F. Supp. 2d 825, 828 (E.D. Pa. 2009); *Nationwide Mut. Ins. Co. v. Westchester Fire Ins. Co.*, No. 08-cv-673-BBC, 2009 WL 275561, at *1 (W.D. Wis. Feb. 4, 2009); *ITT Indus., Inc. v. Rayonier, Inc.*, No. 05-civ-4322 (CLB), 2005 WL 1744988, at *2 (S.D.N.Y. July 20, 2005). Thus, this request is due to be granted.

**Notice**: The parties agree that the Notice should be sealed because it describes the results of one of the Arbitration Awards. (Doc. 124, p. 4.) This request is due to be granted.

**Burkhardt Depo**: Defendant argues that the Burkardt Depo should be filed under seal because it contains confidential information regarding Defendant's business operations as well as confidential and competitively sensitive information of Runzheimer International, Inc. ("RI")—a third party that Defendant retained to provide data related to automobile operating expenses, which RI sells to its customers. (Doc. 123, pp. 6–7, 12–14.) "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246. Indeed, in related litigation, another court (the "*Smith* Court") granted a request to seal documents that contained RI's information. *See Smith v. Pizza Hut, Inc.*, No. 1:09-cv-1632-CMA-NYW (D. C. Colo. Oct. 13, 2011), Doc. 237, p. 4. In light of the competitively sensitive information contained in the deposition, the Court finds that the request is due to be granted.

**Wolpert Report**: Defendant argues that the Wolpert Report should be filed under

seal because it includes data and analysis regarding the distance that Defendant's Florida delivery drivers drove per delivery, which Defendant's competitors could use to "undercut [Defendant] in the labor market." (Doc. 123, pp. 7, 12–14.) The Court agrees. Competitiors could use this sort of information to determine Defendant's relevant markets and other competitively sensitive information. Indeed, the *Smith* Court sealed a comparable exhibit that contained "detailed information regarding the specific trade areas and housecold counts of certain Pizza Hut stores." *Smith*, No. 1:09-cv-1632-CMA-NYW, Doc. 237, p. 4. This request is, therefore, due to be granted.

**Regan Report**: Defendant argues that the Regan Report should be filed under seal because it "analyzes confidential Pizza Hut information and data produced in this litigation . . . [which] constitutes [Defendant's] proprietary, competitively sensitive and confidential information that, if disclosed, could allow [Defendant's] competitors to undercut it in the labor market." (Doc. 123, p. 7.) However, a party's "proprietary interest in information [only] *sometimes* overcomes the interest of the public." *Romero*, 480 F.3d at 1246 (emphasis added). Defendant has not notified the Court what Dr. Regan's report entails or otherwise provided sufficient support for its contention that the information contained therein is confidential and proprietary. Absent such information or support, the Court finds that the request is due to be denied. *See Bovie Med. Corp. v. Livneh*, No. 8:10-cv-1527-T-24EAJ, 2010 WL 4117635, at *2–3 (M.D. Fla. Oct. 19, 2010) (denying a request to seal, noting that a moving party does not satisfy its burden of outweighing the public's right of access when it simply marks its records as "confidential" or "proprietary" but does not identify the sensitive nature of the documents); *Horowitch v. Diamond Aircraft Indus., Inc.*, No. 606-cv-1703-Orl-19KRS, 2007 WL 1753066, at *2 (M.D. Fla.

6

June 16, 2007) (requiring a party to "submit evidence supporting its assertion that the evidence in question is currently competitively sensitive information"); *see also Lockheed Martin Corp. v. Boeing, Co.*, No. 6:03-cv-796-Orl-28KRS, 2005 WL 5278461, at *4 (M.D. Fla. Jan 26, 2005) (stating that "[w]hether or not a trade secret or other confidential research, development, or other commercial information is, or is not, competitively sensitive is a decision that can only be made based upon the specific factual showing supporting the designation given the document").

**Reimbursement Document**: Defendant argues that the Reimbursement Document should be filed under seal because it contains information about Defendant's delivery driver rates, which Defendant's competitiors could use to their advantage. (Doc. 123, pp. 6, 12–14.) Despite any confidential or proprietary nature in this information, the Court finds that the public's right to access outweigh's Defendant's proprietary interest in the information.

Congress enacted minimum wage laws, such as the Fair Labor Standards Act ("FLSA"), "to protect all covered workers from substandard wages and oppressive working hours."[5] *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). The laws are meant to protect working individuals, and they can not be abridged by contract or otherwise waived. *Id.* at 740. Indeed, the Supreme Court has recognized the "private—public" nature of an FLSA employee's rights: although "conferred on a private

---

[5] The Court recognizes that Plaintiffs do not allege a violation of the FLSA. (*See* Doc. 1.) However, the standards developed under the FLSA guide the construction of the FMWA, and here, the FLSA's reimbursement regulations are persuasive authority. *See Hanna v. Pizza*, No. 6:11-cv-1837-Orl-22DAB, 2012 WL 515875, at *6 (M.D. Fla. Jan. 30, 2012), *adopted and confirmed by Hanna v. Pizza*, No. 6:11-cv-1837-Orl-22DAB, 2012 WL 513017, at *1 (M.D. Fla. Feb. 16, 2012).

party," FLSA rights "affect[] the public interest." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704 (1945). To avoid frustration of those rights, courts must even approve settlements of FLSA claims, which can not be kept confidential. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010).

In light of the "private—public" nature of the minimum wage laws, the Court finds that information pertaining to alleged violations of these laws affects the public interest and should not be confidential. Thus, Defendant's request to seal the Reimbursement Documents is due to be denied.

**Class Certification Motion and Frei-Pearson Declaration**: Defendant argues that the Class Certification Motion and Frei-Pearson Declaration should be filed only after Plaintiffs redact the portions of the documents that reference confidential or propertiary information. (Doc. 123, p. 8.) This request is due to be granted in part: prior to filing these documents, Plaintiffs shall redact any portions of the documents relevant to the Class List or Arbitration Awards, as well as any portions that are relevant to the confidential and proprietary information found in the Burkhardt Deposition and the Wolpert Report.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Motion to Seal Documents and File in Paper Format (Doc. 117) and Plaintiffs' Unopposed Motion to Seal Documents and File in Paper Format (Doc. 124) are **GRANTED**. The Class List, the Notice, and the Arbitration Awards may be filed under seal.

2. Defendant's Response to Plaintiffs' Motion to Seal Documents and File in Paper Format (Doc. 123), which the Court construes as a Motion to Seal, is

**GRANTED IN PART AND DENIED IN PART**.

    a. Only the Burkhardt Depo and the Wolpert Report may be filed under seal.

    b. Plaintiffs are **DIRECTED** to redact portions of the Class Certification Motion and Frei-Pearson Declaration consistent with the directives of this Order.

    c. In all other respects, the motion is **DENIED**.

3. The Clerk is **DIRECTED** to accept the filings designated herein for filing under seal.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 8, 2015.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record