# EXHIBIT "N"

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO. 05-2011-CA-52949

CURTIS HANNA, MARION A. EDINGER,
MICHAEL CONNELLEY and WAYLAND
CHARLES SMITH, individually and on behalf
of others similarly situated,

    Plaintiffs,

v.

CFL PIZZA, LLC,

    Defendant.

FILED IN OPEN COURT
Date 9-3-13  Time 2:21 pm
CLERK, CIRCUIT AND COUNTY COURT
By _____ D.C.

### ORDER APPROVING THE PARTIES' JOINT
### MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**THIS CAUSE** is before the Court on the Parties' Joint Motion for Final Approval of Class Action Settlement. Having reviewed the Motion, the exhibits thereto, and the record in this case, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1.    The Court finds that the settlement, as set forth in the Parties' Settlement Agreement, is fair, reasonable, adequate, and in the best interests of the Class. The Court further finds that the Settlement was entered into at arm's length by highly competent, skilled and experienced counsel. The Court therefore finally approves the proposed Settlement.

2.    The Court finally certifies, pursuant to the Article X. § 24(e) of the Florida Constitution, which grants Florida workers the constitutional right to vindicate their minimum wage rights in class proceedings provided they can satisfy the standards set forth in Florida Rules

of Civil Procedure Rule 1.220(b)(1)-(3), a Settlement Class defined as:

> All employees who have worked for CFL Pizza, LLC ("CFL") as delivery drivers at any time from its acquisition of Pizza Hut restaurants in December 2009 to the date of final execution of the Settlement Agreement.

Excluded from the Settlement Class are CFL; any of its parents, subsidiaries, or affiliates; any entity controlled by it; any officer, director, legal representative, predecessor, successor, or assignee; and the one individual who requested to be excluded from the Class.

3. Pursuant to the Settlement Agreement, and for Settlement purposes only, the Court finds as to the Settlement Class that:

(a) the Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Class;

(c) the claims of the named Plaintiffs are typical of the claims of the Class;

(d) the named Plaintiffs will fairly and adequately protect the interests of the Class;

(e) questions of law and fact common to class members predominate over any questions affecting only individual Class members; and,

(f) a class action is superior to other available methods for fairly and efficiently effectuating this Settlement.

4. The Court finally appoints Plaintiffs Curtis Hanna, Marion A. Edinger, Michael Connelley and Wayland Charles Smith as Representatives of the Settlement Class.

5. The Court finally appoints Jeremiah Frei-Pearson and the law firm of Meiselman, Packman, Nealon, Scialabba & Baker P.C. as Class Counsel to the Settlement Class.

6. A Fairness Hearing was held before the undersigned on September 3, 2013, to consider the fairness, reasonableness and adequacy of the Settlement Agreement, the entry of a

Final Order in the case, and any other related matters that were brought to the attention of the Court in a timely fashion.

7. Only one member of the Class objected to the Settlement and the Court determines that such objection is not a barrier for final approval, particularly in light of the fact that the primary objection is essentially that the Class is receiving too *much*, not too *little*.

8. Accordingly, having considered the entire record in this case, the Court hereby finally approves the settlement in its entirety. The Parties are directed to fully abide by the terms of the Settlement Agreement, including but not limited to the following: all parties designated in the Settlement Agreement must abide by the confidentiality requirements; Plaintiffs and Class Members' relevant claims are deemed settled, released, and may not be re-litigated; Defendant must pay Plaintiffs and Class Members the full amounts specified under and consistent with the terms of the Settlement Agreement (including Enhancement Awards for the Named Plaintiffs), as the amounts to which the Parties have agreed are fair and adequate; Defendant must also pay Class Counsel attorneys' fees and costs, as specified in the Settlement Agreement and consistent with the terms thereof, in the full amount for which Class Counsel was authorized to seek and to which CFL agreed not to object as such amount to which the Parties have agreed is fair and adequate.

9. This matter is hereby DISMISSED WITH PREJUDICE, with each party to bear their own costs.

10.  The Clerk is directed to close this case file.

DONE AND ORDERED in Chambers in Viera, Brevard County, Florida on this _____ day of September, 2013.

_____
George W. Maxwell, III
Circuit Court Judge

STATE OF FLORIDA, COUNTY OF BREVARD
I HEREBY CERTIFY that the above and foregoing is a true copy of the original filed in this office.
SCOTT ELLIS, Clerk Circuit and County Court
Dated 9-13-13 By _____ D.C.

4

2270538.1
2431319.1