**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JUSTIN BARKLEY; BRIAN PHILLIPS;
and JERRY J. WALSH,

        Plaintiffs,

v.                                                  Case No. 6:14-cv-376-Orl-37DAB

PIZZA HUT OF AMERICA, INC.,

        Defendant.

**ORDER**

This matter is before the Court on the Unopposed Motion of Defendant Pizza Hut of America, Inc. to File Under Seal Settlement Agreement and Filings Seeking Approval Thereof (Doc. 160), filed February 1, 2016.

The parties to this putative Florida Minimum Wage Act ("**FMWA**") class action previously notified the Court that they reached a settlement. (Doc. 154.) Defendant now moves for leave to file the following documents under seal: (1) the settlement agreement ("**Agreement**"); (2) a motion for preliminary approval of the Agreement ("**Preliminary Motion**"); (3) a subsequent motion for final approval of the Agreement ("**Final Motion**"); and (4) all exhibits to the Preliminary and Final Motions (collectively, the "**Documents to be Approved**"). (Doc. 160 ("**Motion**").) Alternatively, Defendant moves for leave to file the Documents to be Approved in a redacted format, specifically redacting: (a) portions pertaining to Pizza Hut's confidential and proprietary reimbursement methodology or from which information about that methodology could be derived; and (b) portions that relate to confidential arbitration proceedings against Pizza Hut (collectively, "**Alternative**

**Requests**"). (*Id.* at 2.) Despite the unopposed nature of the Motion (*see id.* at 9), the Court finds that it is due to be granted in part and denied in part. *See Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, No. 3:10-cv-978-J-37JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011) (explaining that the Court, as "'the primary representative of the public interest in the judicial process,' is bound by duty 'to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record.'" (citation omitted)).

As a threshold matter, the Court finds that Defendant failed to provide good cause for sealing the Documents to be Approved in their entirety—that is, Defendant did not show that its interest in keeping the information contained in such documents confidential outweighs the public's common law right to access those documents. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007) (discussing the factors to be balanced when determining whether the moving party's interest in keeping the information confidential outweighs the public's interest in accessing court documents). Thus, Defendant's request to seal the Documents to be Approved in their entirety is due to be denied. The Court, therefore, turns to Defendant's Alternative Requests.

Courts generally keep arbitration proceedings and awards confidential, particularly because: (1) parties often enter into them to maintain confidentiality; and (2) confidentiality promotes the voluntary execution of private arbitration agreements, which courts consider a sound public policy objective. *See e.g.*, *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 592 F. Supp. 2d 825, 828 (E.D. Pa. 2009); *Nationwide Mut. Ins. Co. v. Westchester Fire Ins. Co.*, No. 08-cv-673-BBC, 2009 WL 275561, at *1 (W.D. Wis. Feb. 4, 2009); *ITT Indus., Inc. v. Rayonier, Inc.*,

No. 05-civ-4322 (CLB), 2005 WL 1744988, at *2 (S.D.N.Y. July 20, 2005). As such, Defendant's request to redact portions of the Documents to be Approved relating to confidential arbitration proceedings is due to be granted.

The request to redact portions of the Documents to be Approved relating to Defendant's methodology of reimbursement, including "the amount of the settlement payments to be made under the [] Agreement," calls for a different outcome. As the Court explained in a previous Order, the public's right to access outweigh's Defendant's proprietary interest in such information.[1] (*See* Doc. 125.) Congress enacted minimum wage laws, such as the Fair Labor Standards Act ("**FLSA**"), to protect working individuals, and these laws cannot be abridged by contract or otherwise waived.[2] *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Indeed, the Supreme Court has recognized the "private–public" nature of an FLSA employee's rights: although "conferred on a private party," FLSA rights "affect[] the public interest." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704 (1945). To avoid frustration of those rights, courts must approve settlements of FLSA claims, which can not be kept confidential. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010).

---

[1] Defendant represents that the Court previously allowed Defendant to file under seal documents pertaining to its reimbursement methodology. (*See* Doc. 160, pp. 3, 6.) This assertion is patently false. In fact, the Court specifically held that the Pizza Hut document listing the reimbursement rate paid to Pizza Hut delivery drivers was to be filed on the public record. (*See* Doc. 125, pp. 7–8.)

[2] The Court recognizes that Plaintiffs do not currently allege a violation of the FLSA. (*See* Doc. 1.) However, the standards developed under the FLSA guide the construction of the FMWA; thus, the FLSA's reimbursement regulations are persuasive authority here. *See Hanna v. Pizza*, No. 6:11-cv-1837-Orl-22DAB, 2012 WL 515875, at *6 (M.D. Fla. Jan. 30, 2012), *adopted and confirmed by Hanna v. Pizza*, No. 6:11-cv-1837-Orl-22DAB, 2012 WL 513017, at *1 (M.D. Fla. Feb. 16, 2012). Moreover, the Court granted leave for Plaintiffs to file a second amended complaint pursuant to the Agreement (Doc. 162), which Plaintiffs represent will incorporate a claim under the FLSA (*see* Doc. 161).

In light of the "private–public" nature of minimum wage laws, the Court finds that information pertaining to alleged violations of these laws affects the public interest should not be kept confidential through sealing. *See id.* at 1245 ("Sealing an FLSA settlement agreement between an employer and employee, reviewing the agreement *in camera*, or reviewing the agreement at a hearing without the agreement's appearing in the record (in any event precluding other employees' and the public's access to, and knowledge of, the agreement) thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace."); *see also Bright v. Mental Health Resource Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *3 (M.D. Fla. Mar. 14, 2012) (explaining that the parties' attempt "to preserve the confidentiality of the monetary amounts of the settlements" is not a compelling reason for the sealing of an FLSA settlement agreement). The Court similarly concludes that such information should not be kept confidential through redaction. Thus, Defendant's request to redact portions of the Documents to be Approved relating to Defendant's reimbursement methodology is due to be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Unopposed Motion of Defendant Pizza Hut of America, Inc. to File Under Seal Settlement Agreement and Filings Seeking Approval Thereof (Doc. 160) is **GRANTED IN PART AND DENIED IN PART**.

   a. The parties may redact portions of the settlement agreement and forthcoming motions for approval that relate to the confidential arbitration proceedings. The parties are **DIRECTED** to file a redacted version of these documents on the public docket.

        b.      In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 2, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record