**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AL FATA, BRIAN PHILLIPS, and
JERRY J. WALSH,

        Plaintiffs,

v.                                   Case No. 6:14-cv-376-Orl-37DCI

PIZZA HUT OF AMERICA, INC.,

        Defendant.

_____

**ORDER**

This cause is before the Court on the following:

1.    Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure and Memorandum of Law in Support (Doc. 187), filed July 5, 2016;

2.    Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure and Memorandum of Law in Support (S-Doc. 193), filed July 8, 2016

3.    Plaintiffs' Unopposed Motion for Leave to File Third Amended Complaint (Doc. 197), filed July 20, 2016;

4.    U.S. Magistrate Judge David A. Baker's Report and Recommendation (Doc. 198), filed August 5, 2016;

5.      Defendant's Unopposed Objection to Report and Recommendation (Doc. 207), filed September 9, 2016; and

6.      Plaintiffs' Unopposed Objection to Report and Recommendation (S-Doc. 215), filed September 14, 2016.

Upon consideration, the Court finds that the Report and Recommendation is due to be rejected, the parties' objections are due to be sustained, and, therefore, the parties' pending motions are due to be granted.

## BACKGROUND

Perhaps the idiom *is* true—if at first you don't succeed, try, try again. In the instant action, Plaintiffs, who are members of a putative class ("**Class**") comprising Pizza Hut delivery drivers, allege that their employer violated the Florida Minimum Wage Act and the Fair Labor Standards Act by failing to properly reimburse the Class for driving-related expenses. (*See* Doc. 163.) Since March 2014, the parties have arbitrated, mediated, and litigated this dispute, in multiple forums, finally reaching a settlement late in 2015. (Doc. 154.)

On February 5, 2016, the parties first moved for preliminary approval of the settlement agreement ("**Agreement**") and conditional certification of the settlement class, which included two proposed subclasses: (1) class members from whom Defendant was able to locate signed arbitration agreements ("**Arbitration Subclass**"); and (2) class members for whom Defendant was unable to locate a signed arbitration agreement ("**Non-Arbitration Subclass**"). (Doc. 165 ("**First Preliminary Approval Motion**").)

In response, U.S. Magistrate Judge David A. Baker set the matter for hearing on April 20, 2016 ("**April 20 Hearing**") and advised the parties to be prepared to address,

*inter alia*: (1) why the Class is split into two subclasses; (2) why the Subclasses receive disparate treatment with respect to their settlement awards; and (3) whether Plaintiffs' counsel will provide adequate representation for both Subclasses. (Doc. 171.) The parties filed a joint response addressing Magistrate Judge Baker's concerns. (Doc. 175.)

At the April 20 Hearing, Magistrate Judge Baker permitted the parties to amend their First Preliminary Approval Motion and modify the Agreement. (Doc. 177.) Subsequently, the parties moved for preliminary approval of a revised Agreement ("**Revised Agreement**"). (Doc. 187 ("**Second Preliminary Approval Motion**").)

As in the original Agreement, the Revised Agreement creates a maximum settlement fund of $3,100,000.00 for approximately 2,250 Class members ("**Maximum Settlement Amount**"). (Doc. 210-1, ¶¶ 14, 32.) Based on a formula, the Non-Arbitration Subclass is allocated 69.1% of the Net Settlement Amount[1] (or roughly $1,352 per person) and the Arbitration Subclass is allocated 30.9% of the Net Settlement Amount (or roughly $492 per person). (*Id.* at 13, 37.)

Notwithstanding the revisions made to the Revised Agreement on August 5, 2016, Magistrate Judge Baker issued a Report recommending denial of both the Second Preliminary Approval Motion and Plaintiffs' renewed motion for leave to file a third amended complaint (Doc. 197 ("**Motion for Leave to Amend**").[2] (Doc. 198 ("**R&R**").)

The common thread throughout the R&R is Magistrate Judge Baker's concern as

---

[1] This term has the same meaning as defined in the Revised Agreement. (*See* Doc. 210-1, ¶ 15.)

[2] In the Motion for Leave to Amend, Plaintiffs represent that their previous motion for leave to file a third amended complaint (*See* Doc. 196), mistakenly referenced "Plaintiffs" instead of only referencing Plaintiffs Walsh and Phillips when alleging which Class representatives were subject to arbitration agreements (Doc. 197).

to the adequacy of representation for the Arbitration Subclass, who despite allegedly being injured in the same manner as the Non-Arbitration Subclass, receive disparate treatment in the allocation of the settlement award under the Revised Agreement. (*See* Doc. 198, pp. 14–24.)

Both parties timely objected (Docs. 207, 209[3]), and Plaintiffs vigorously assert that the R&R tilts at windmills because: (1) counsel negotiated the Revised Agreement separately on behalf of each Subclass; and (2) many court-approved settlements permit representation of multiple subclasses by unitary counsel. (*See* Doc. 209, pp. 3, 11, 25, 29.) As to the disparate settlement amounts, the parties assert that: (1) Defendant has a strong defense against class certification of the Arbitration Subclass and its underlying claims, which warrant the steep discount; and (2) the Revised Agreement is, at minimum, fair and reasonable because the amount negotiated here is the best result in any delivery driver class action. (*Id.* at 35, 38; *see also* Doc. 207, pp. 5–8.)

In light of the concerns raised in the R&R and the parties' objections, the Court held a hearing on October 25, 2016 ("**October 25 Hearing**") (*See* Docs. 220, 226), and took the matter under advisement. The matter is now ripe for the Court's resolution.

## STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court

---

[3] Plaintiffs also filed unredacted objections to the R&R under seal. (S-Doc. 215.) Apart from the redactions, the documents are identical.

must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## DISCUSSION

Federal Rule of Civil Procedure 23 governs class actions in federal court, requiring, *inter alia*, numerosity, commonality, typicality and adequacy. *See* Fed. R. Civ. P. 23(a). Where a district court certifies a class action for settlement purposes only, certification requires "heightene[d] attention . . . to the justification for binding the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). To that end, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied. *Amchem*, 521 U.S. at 591, 620. "Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold." *Id.* at 620. Therefore, a party seeking class certification must affirmatively demonstrate his compliance with Rule 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Here, the Court finds, for settlement purposes only, that the Rule 23(a) factors are satisfied. As the R&R found, the first three factors are easily met—the Class of approximately 2,250 Florida delivery drivers is sufficiently numerous, and commonality and typicality are satisfied because Plaintiffs allege that Defendant failed to properly reimburse the Class for driving-related expenses. (Doc. 198, pp. 13–14.)

Notwithstanding the valid concerns raised in the R&R regarding the adequacy of representation, the Court finds that this requirement is satisfied. In particular, the extensive, arms-length negotiations performed separately by counsel on behalf of each

Subclass, with the assistance of an experienced mediator, at least at the conditional certification stage, provide "structural assurance of fair and adequate representation." *See Amchem*, 521 U.S. at 627. Additionally, the Court finds that the Class is maintainable under Rule 23(b)(3). Accordingly, the Court will conditionally certify the Class, for settlement purposes only. Based on the foregoing, the Court also finds that preliminary approval of the Revised Agreement is warranted as it is "within the range of reason." *In re Checking Account Overdraft Litig.*, 275 F.R.D. at 654, 661 (S.D. Fla. 2011).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.    Defendant's Unopposed Objection to Report and Recommendation (Doc. 207) and Plaintiffs' Unopposed Objection to Report and Recommendation (S-Doc. 215) are **SUSTAINED**.

2.    U.S. Magistrate Judge David A. Baker's Report and Recommendation (Doc. 198) is **REJECTED**.

3.    Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure and Memorandum of Law in Support (Doc. 187, S-Doc. 193) is **GRANTED**.

   a.    The Class of approximately 2,250 Florida delivery drivers employed by Defendant for any length of time since March 7, 2009, is **CONDITIONALLY CERTIFIED**. Excluded from the Class are: (1) those who have initiated arbitration proceedings against

Defendant Pizza Hut of America, Inc., alleging claims under the Florida Minimum Wage Act  and (2) those who were opt-in plaintiffs in *Smith v. Pizza Hut, Inc.*, Case No. 1:09-cv-01632-CMA-NYW (D. Colo. 2009) and thus had settled their Florida Minimum Wage Act claims in that case. (*See* Doc. 210-1.)

b.    Defendant shall identify the Class Members based on its payroll and other business records as of February 20, 2012.

c.    The Court **PRELIMINARILY APPROVES** the parties' Settlement Agreement (Doc. 210-1), together with all exhibits thereto as fair, reasonable, and adequate.

d.    The Court **APPOINTS** the following persons as Class Representatives: Brian Phillips, Jerry J. Walsh and Alfonso Fata.

e.    Subject to the Court's discretion to add counsel as needed, the Court **APPOINTS** the following persons and entities as Class Counsel:

    i.    Jeremiah Fre-Pearson of Finkelstein, Blankenship, Frei-Pearson, Garber, LLP

    ii.    C. Ryan Morgan of Morgan & Morgan, PA

f.    The Court **APPROVES** the proposed Notice of Class Settlement, Reminder Notice, and Claim Form. (*See* Docs. 210-2, 210-3, 210-4.)

4.    Plaintiffs' Unopposed Motion for Leave to File Third Amended Complaint (Doc. 197) is **GRANTED**.

5.    The Court **DIRECTS** that a Final Approval Hearing shall be scheduled for Monday, **February 6, 2017**, at 2 p.m., to assist the Court in determining

whether to grant final approval of the Settlement Agreement (Doc. 210-1) and enter Final Judgment, and whether Class Counsel's Fee Application and request for Service Awards for Plaintiffs should be granted.

6.    Plaintiffs shall file their Motion for Final Approval of the Settlement Agreement and Motion for attorneys' fees and expenses in accordance with timeline provided in the Settlement Agreement (Doc. 210-1).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 31, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record