UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AL FATA; BRIAN PHILLIPS; and
JERRY J. WALSH,

    Plaintiffs,

v.                                           Case No. 6:14-cv-376-Orl-37DCI

PIZZA HUT OF AMERICA, INC.,

    Defendant.

---

**ORDER**

The parties to this putative Florida Minimum Wage Act class action have moved to file under seal: (1) their forthcoming unopposed motion for final approval of the class action settlement, attorney fees and expenses, and service award payments ("**Final Approval Motion**"); (2) the declaration of Plaintiffs' attorney, Jeremiah Frei-Pearson ("**Declaration**"); and (3) the confidential report of mediator Hunter R. Hughes, III ("**Report**"). (Doc. 247 ("**Motion to Seal**").) In addition to sealing, Plaintiffs request to file redacted versions of the Final Approval Motion and the Declaration on the public docket. (*Id.* at 2, 7.)

On three prior occasions, the Court has permitted the parties to file documents under seal or in redacted form, including the Report and previous motions related to preliminary settlement approval. (*See* Docs. 164, 186, 214.) But history alone does not dictate the result here, as Plaintiffs must still comply with the procedural requirements set forth in Local Rule 1.09(a). *See Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions,*

*LLC*, No. 3:10-cv-978-J-37JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011) (noting that a court may not simply rubber stamp a stipulation to seal the record). Additionally, the Court must consider the public's common law right to "inspect and copy judicial records and public documents." *In re Alexander Grant & Co.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam). A party may overcome the "common law right of access" if it is able to show that good cause exists. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *MEDAI, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012). To determine whether a party has met this burden, the Court must balance the public's right of access against the party's interest in keeping the information confidential. *Romero*, 480 F.3d at 1246.

Upon consideration, the Court finds that: (1) Plaintiffs have complied with Local Rule 1.09(a); and (2) the Motion to Seal sufficiently balances the public's right of access and the parties' interest in keeping the specified information confidential. Hence the Motion to Seal is due to be granted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Unopposed Motion to File Under Seal (Doc. 247) is **GRANTED**.
2. Upon submission, the Clerk is **DIRECTED** to file and maintain the following documents under seal pending further Order—(1) Plaintiffs' forthcoming unopposed motion for final approval of the class action settlement, attorney fees and expenses, and service award payments; (2) the forthcoming declaration of Plaintiffs' attorney, Jeremiah Frei-Pearson; and (3) the confidential report of mediator Hunter R. Hughes, III.

3. Plaintiffs are **DIRECTED** to file redacted versions of the Final Approval Motion and the Declaration on the public docket.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 11, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record