UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AL FATA, BRIAN PHILLIPS, and JERRY J. WALSH, individually and on behalf of all others similarly situated, | Case No. 6:14-cv-376-RBD-DCI |
| Plaintiffs, | |
| v. | |
| PIZZA HUT OF AMERICA, INC., | |
| Defendants. | |

## DECLARATION OF C. RYAN MORGAN

I, C. RYAN MORGAN, declare under 28 U.S.C. § 1746 as follows:

1. My name is C. Ryan Morgan. I am over the age of 18. The statements set forth in this declaration are made of my own personal knowledge and if called as a witness, I could and would testify competently to the matters stated below.

2. I am an equity partner in the law firm of Morgan & Morgan, P.A. in Orlando, Florida and co-chair of the Wage & Hour Division. I am co-counsel for the Plaintiffs in the above-captioned action along with my lead co-counsel, Jeremiah Frei-Pearson, Esq.

3. I respectfully submit this Declaration in support of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Attorney's Fees and Expenses, and Service Award Payments.

4. I am an attorney, in good standing, licensed to practice law in the state courts of Florida.

5. Further, I am also admitted in the courts of the Southern District of Florida, the Middle District of Florida, the Northern District of Florida, the Northern District of Georgia, the Middle District of Georgia, and the Federal Claims Court, among other courts.

6. I have received a Florida "Rising Star" distinction from Super Lawyers for the years 2013-2015.

7. I have extensive experience litigating collective actions under the Fair Labor Standards Act ("FLSA") and wage and hour class actions under Rule 23 of the Federal Rules of Civil Procedure or analogous state court rules. Other than this matter, I have also been involved as counsel in the following collective and class actions, among others:

- *Pierce v. Frenchy's South Beach Café, Inc*, Case No.: 8:14-cv-2573-SDM-JSS (M.D. Fla. 2014)

- *Hanna v. CFL Pizza*, No. 2011-52949 (Fla. Cir. Ct. Brevard Cty)

- *Barber v. Premier Courier, Inc.,* Case No.: 2:13-cv-1-ALM-MRA (S.D. Ohio 2013)

- *Mayo, et al., v. Travel Centers of America, LLC*, Case No.: 1:11-cv-01411-PAG (N.D. Ohio 2011)

- *Nichols v. Diebold, Inc.*, Case No.: 2011-CA-3531-O (9th Cir., Orange County 2011)

- *Tankersley v. Lowe's Home Centers, Inc.*, Case No.: 2010-CA-17994-O (9th Cir., Orange County 2011)

- *Pastorius v. Lowe's Home Centers, Inc., et al.,* Case No.: 3:11-cv-307 (S.D. Tex. 2011)

- *Perry v. M/I Homes, Inc.*, 8:08-cv-491-VMC-AEP (M.D. Fla. 2008)

- *Grassick v. Avatar Properties, Inc.*, 6:08-cv-613-JA-KRS (M.D. Fla. 2008)

- *Templeton v. Fred Meyer, Inc.*, Case No.: 3:10-cv-607 (D. Or. 2010)

- *McConnell v. Aftermath, Inc.*, Case No,: 3:10-cv-153-HLA-JBT (M.D. Fla. 2010)

- *Mainor v. Lazer Spot, Inc.*, Case No.: 1:11-cv-971-CAP (N.D. Ga. 2011)

- *Jackson v. Healthport Technologies, LLC*, Case 1:11-cv-1687-SCJ (N.D. Ga. 2011)

8. Along with my co-counsel Jeremiah Frei-Pearson, I litigated this matter on behalf of Pizza Hut delivery drivers (both with and without arbitration agreements) for over three years currently. I have reviewed the Declaration of Jeremiah Frei-Pearson and agree with his detailed description of the Background of Litigation and Settlement Negotiations.

9. Along with Mr. Frei-Pearson, I litigated and arbitrated against Pizza Hut of America, Inc. ("Pizza Hut") for more than four years on behalf of delivery drivers.

10. My co-counsel and I sought to represent all Florida Pizza Hut delivery drivers in class proceedings. In so doing, we represented drivers who signed arbitration agreements and drivers who did not sign arbitration agreements.

11. One of Pizza Hut's strongest defenses was its argument that delivery drivers who signed arbitration agreements were not able to participate in class proceedings. Accordingly, it became apparent that those delivery drivers who signed arbitration agreements had a lower chance of prevailing in class proceedings than delivery drivers who had not signed arbitration agreements.

12. As explained in Mr. Frei-Pearson's Declaration, Plaintiffs' Counsel is of the opinion that this settlement is in the best interests of the class and is an excellent result for both arbitration sub-class members and non-arbitration sub-class members.

13. I have not spoken to any class member who viewed the settlement negatively. No class member I spoke to asked to be excluded from the settlement or wanted to object to the settlement. Many of the calls I received from class members were to ensure their claim forms had been timely received, which indicates the class in general views the settlement favorably.

14. As of May 10, 2017, I have expended over 171.60 hours in furtherance of these class claims at a rate of $425 per hour. I have exercised extreme billing discretion and could bill for many more items that I have not yet billed for. For example, according to my e-mail records, I have received (not sent) 1,339 e-mails related just to this one matter. Even billing at 0.1 for each email, notwithstanding the length of the email or amount of time required for review of attachments, this would amount to 133.9 hours alone.

15. My hourly rate is reasonable given my years of experience and accomplishments listed above, my detailed work in class and collective action wage and hour litigation, the extreme billing judgment I used as described above, and the fact that my firm and I represented the class on a contingency basis. There was no guarantee that a recovery would be made on such a large endeavor and warrants a higher hourly rate than traditional lawyers who collect by the hour on a monthly

basis. This is especially true in a matter such as here which took over three years to complete. I will also incur additional attorneys' fees to ensure final approval is ultimately received, and to complete class administration and assist class members with any questions, concerns, issues once they receive their settlement checks.

16. In addition to attorneys' fees, my firm has incurred $3,289.48 in costs in prosecuting this matter. These costs relate to filing fees, copying and mailing expenses in furtherance of this case, and travel expenses in connection with mediations which occurred in three different states per Defendant's request.

I declare under penalty of perjury under the laws of the State of Florida and of the United States that the foregoing is true and correct.
Executed this 11th day of May, 2017 in Orlando, Florida.

By: /s/ C. RYAN MORGAN
C. RYAN MORGAN
