# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AL FATA, BRIAN PHILLIPS and JERRY
WALSH, individually and on behalf of all other
similarly situated,                                    CASE NO:  6:14-CV-00376-RBD-DCI

        Plaintiffs,

v.

PIZZA HUT OF AMERICA, LLC,

        Defendant.

TO:    All Florida delivery drivers employed by Pizza Hut of America, LLC ("Pizza Hut") for any length of time from March 7, 2009 to February 20, 2012, *except* for (a) those who have initiated arbitration proceedings against Pizza Hut alleging claims under the Florida Minimum Wage Act ("FMWA") and/or (b) those who were opt-in plaintiffs in *Smith v. Pizza Hut, LLC*, Case No. 1:09-cv-01632-CMA-NYW (D. Colo.), and thus, had settled their claims under the Fair Labor Standards Act ("FLSA") in that case.

1.    **WHY SHOULD I READ THIS NOTICE?**

    You are receiving this Notice because you had previously been sent a Notice of Class Action Settlement pursuant to an order issued by the United States District Court, for the Middle District of Florida (the "Court"). That Notice informed you that (1) a proposed Settlement had been reached by Alfonso Fata, Brian Phillips and Jerry Walsh ("Plaintiffs" or "Class Representatives"), and Pizza Hut of America, LLC ("Defendant") (collectively, the "Parties"); (2) Plaintiffs entered into the proposed Settlement individually and on behalf of the above Settlement Class; (3) you have been identified as a member of the Settlement Class; and (4) a hearing (the "Settlement Fairness Hearing") has been scheduled to consider the fairness, reasonableness, and adequacy of the proposed Settlement.  That Notice also explained the lawsuit and the term and conditions of the proposed Settlement, including your legal rights as a member of the Settlement Class, the settlement payment you are eligible to receive, and how to claim settlement payment.  Since then, the Parties have agreed to certain revisions to the Proposed Class Action Settlement.  The Court has preliminarily approved those revisions, and has issued an order for all eligible Class Members to receive this Notice advising them of the revisions.  As a result of these revisions, you are now eligible to receive a greater individual settlement monetary payout than under the settlement as originally negotiated.  Neither this Notice nor the previously-sent Notice is meant to be an expression of the Court's opinion about the merits of the claims or defenses asserted in this lawsuit.

2.    **WHAT IS THIS CASE ABOUT?**

    The Action claims that Pizza Hut violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and the Florida Minimum Wage Act, Fla. Stat. Ann. § 448.110 ("FMWA"). Plaintiffs allege that Pizza Hut systematically and unlawfully paid its Florida delivery drivers wages well below the minimum wage required by law; that Pizza Hut paid its Florida delivery drivers an initial wage equal to the minimum wage and was, therefore, required by law to fully reimburse them for all vehicular expenses incidental to

delivery so as to keep their real wages at or above the minimum wage; that Pizza Hut under-reimbursed its Florida delivery drivers for vehicular expenses incidental to delivery, thereby reducing their wages well below the minimum wage; and that, under the FMWA and FLSA, Pizza Hut is liable for the difference between its delivery driver's vehicular expenses and the reimbursement rate Pizza Hut paid, plus liquidated damages.  Pizza Hut denies all these allegations and denies that it violated any laws.

3.  **WHY HAS THE CASE SETTLED?**

The proposed Settlement represents a compromise and settlement of disputed claims.  It allows the Parties to avoid the delays, costs and risks of further litigation, and provides money to Class Members without significant delay.  The Parties participated in three mediation sessions with Hunter R. Hughes, Esq. and engaged in additional negotiations after the mediation.  The Parties, with the advice of their respective attorneys, have agreed to settle the lawsuit pursuant to the terms and conditions of the proposed Settlement, which they believe to be fair, reasonable and adequate.  Although the settlement provides less than the full value of each Class Member's claim under Plaintiffs' theory of the case, litigating the case through trial, or even appeal, is a tedious undertaking fraught with risks, so that in the end, recovery is not even guaranteed for Plaintiffs or other Class Members.  The proposed Settlement, meanwhile, confers substantial and immediate benefits on Class Members, and as such, is in their best interest.

4.  **WHAT DOES THE SETTLEMENT PROVIDE?**

To settle the Action, Pizza Hut has agreed to create a fund of up to $3,100,000.00, to pay settlement payments claimed by Class Members and "other charges," namely, court-approved Class Counsel's fees and litigation costs, court-approved service payments to the Class Representatives for their assistance in prosecuting the Action for the Class Members, and the reasonable costs of settlement administration.  However, before settlement payments are made to Class Members, the other charges as listed above must first be paid.  The amount remaining after the other charges are paid will then be allocated to two subclasses as follows:  43% of the amount remaining shall be allocated to Class Members for whom Pizza Hut has not located signed arbitration agreements with Pizza Hut ("Non-Arbitration Subclass"), so that they will recover an average of approximately $1,438 per person, and 57% will be allocated to Class Members for whom Pizza Hut has located signed arbitration agreements with Pizza Hut ("Arbitration Subclass"), so that they will recover an average of approximately $750 per person.  These averages are approximate and the amount you will be paid is dependent on the amount you have worked.  The settlement payment for each class member shall then be calculated using the following formula:

$$\text{Net Settlement Amount for Subclass} \times \frac{\text{Total Weeks Worked by Class Member}}{\text{Total Weeks Worked by all Subclass Members}}$$

Any unclaimed funds shall revert to Pizza Hut.  Settlement payments will be treated as an expense reimbursement, and reported on a Form 1099, so no taxes will be deducted.  The Class Members will be responsible for reporting and paying any federal, state and/or local taxes that may be due on these payments.

Employees are not entitled to a settlement payment under this settlement for any period of time when they worked for restaurants owned and operated by Pizza Hut *franchisees* in Florida.

5.  **HOW HAS THE SETTLEMENT CHANGED?**

The only changes to the Settlement are the percentages used to determine how the amount remaining after other charges are paid will be allocated to the two subclasses.  As stated in the previously-sent Notice, the prior

Agreement provided for 69.1% of the amount remaining to be allocated to the Non-Arbitration Subclass and 30.9% to be allocated to the Arbitration Subclass. While these percentages have changed, the average amount that Class Members in **both** Subclasses will receive has increased from the settlement as originally negotiated.

In addition, the Parties have agreed to extend the deadline for Class Members to submit a claim to receive a settlement payment, submit an objection to the settlement, or to opt-out of the settlement. That deadline is now **March 6, 2017**. **If you have previously submitted a claim, an objection, or an opt-out, and you do not wish to change your position, you do not need to take any other action.**

### 6. HAS ANYONE EVALUATED THE SETTLEMENT?

The Parties and their respective attorneys support this Settlement. Their reasons include the inherent risk of litigation on the merits, and the inherent delays and uncertainties associated with litigation. Based on their experience litigating similar cases, the Parties' respective attorneys believe that further proceedings in this case, including a trial and probable appeals, could be expensive and protracted, with an uncertain result. No one can confidently predict how the various legal and factual questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, the Parties and their respective attorneys believe the Settlement is fair, reasonable, and adequate.

### 7. HOW DO I COLLECT MY SETTLEMENT PAYMENT?

To receive a settlement payment, you must submit the enclosed Claim Form by **March 6, 2017** to the Settlement Administrator below:

> Barkley v. Pizza Hut Settlement Administrator
> c/o JND Class Action Administration
> PO Box 6877
> Broomfield, CO 80021
> Toll-free: 1-844-620-9990
> Fax: 1-866-298-7021
> Email: PIZSettlement@classactionadmin.com
> Website: www.FataSettlement.com

You can submit your Claim Form by U.S. mail **postmarked on or before March 6, 2017** or by fax, email or online through the Settlement Website on or before **March 6, 2017**.

<u>If you do not submit your completed Claim Form by the deadline, you will not receive a settlement payment. If you do nothing, you will not receive any settlement payment either, unless you have already previously submitted a Claim Form.</u> Regardless of whether or not you submit a Claim Form, you will be bound in all respects by the Settlement and the Judgment unless you expressly exclude yourself from the Settlement as described below.

### 8. WHAT DO I GIVE UP BY JOINING THE SETTLEMENT?

Unless you exclude yourself from the Settlement Class in the manner provided below, you will be bound by any judgment entered in the Action, including one approving the Settlement, when that judgment becomes final. When a judgment approving the Settlement becomes final, you will be deemed to have released and forever discharged all claims under the FMWA, FLSA or similar law that were or could have been asserted in the Action or any arbitration based on the same facts and circumstances as the claims in the Action. The release

shall benefit Pizza Hut, its former and present parent, subsidiaries and affiliates, and their respective current and former officers, directors, employees, partners, shareholders and agents and any other successor or legal representatives.

9.   **WHEN WILL I RECEIVE MY PAYMENT?**

The Court will hold a hearing on May 25, 2017 at 9:00 A.M. to decide whether to approve the Settlement. If the Court approves the Settlement, there may be an appeal. If there is an appeal, the payments to Class Members will be delayed until the appeal is resolved. If there is no appeal, the Settlement Administrator will only mail out settlement payments after Final Approval. Please be patient.

10.  **AM I REPRESENTED BY CLASS COUNSEL?**

The Court has appointed Jeremiah Frei-Pearson of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP (White Plains, New York) and C. Ryan Morgan of Morgan & Morgan, P.A. (Orlando, Florida) as Class Counsel in this Action. Class Counsel filed this lawsuit for Plaintiffs, and negotiated the settlement described in this Notice. If you wish to communicate with Class Counsel, you may contact Jeremiah Frei-Pearson at (914) 298-3281 or jfrei-pearson@fbfglaw.com or C. Ryan Morgan at (407) 418-2069 or rmorgan@forthepeople.com. You have the right to consult with or retain your own attorney, or to opt-out of this case and pursue your personal claim at your own expense. However, if you opt-out of this case, you will not receive any settlement payment.

11.  **HOW WILL CLASS COUNSEL BE PAID?**

Class Counsel have worked on this lawsuit since March 2014 without receiving any payments for their time or any reimbursement for their out-of-pocket expenses. Under the settlement, Class Counsel will request the Court to award attorney's fees and expenses in an amount not to exceed one-third of the maximum settlement fund of $3,100,000.00.

12.  **WHAT WILL CLASS REPRESENTATIVES RECEIVE?**

Subject to the Court's approval, the Class Representatives will request service payments in an amount not to exceed $10,000 each for prosecuting the Action on behalf of the Class. The service payments are in addition to the settlement payments they will receive as members of the Settlement Class.

13.  **HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?**

If you wish to object to the Settlement, you must not exclude yourself from the Settlement Class and must, by **March 6, 2017**, file with the Court and serve on the Parties' counsel at the addresses provided below a written statement objecting to the Settlement and setting forth the grounds for your objection(s).

**Court:**

Clerk of Court
U.S. District Court – Middle District of Florida
George C. Young U.S. Courthouse & Federal Building
401 West Central Boulevard
Orlando, Florida 32801

| **Class Counsel:** | **Counsel for Defendant:** |
|---|---|
| Jeremiah Frei-Pearson, Esq. | Douglas R. Hart |
| Finkelstein, Blankinship, Frei-Pearson & Garber, LLP | Sidley Austin, LLP |
| 445 Hamilton Avenue, Suite 605 | 555 West Fifth Street, Suite 4000 |
| White Plains, NY 10601 | Los Angeles, CA 90013 |

C. Ryan Morgan, Esq.
Morgan & Morgan, P.A.
20 North Orange Avenue, 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979

You must reference *Barkley et al. v. Pizza Hut of America, LLC*, Case No. 6:14-CV-00376-RBD-DCI in your statement. Moreover, your statement must indicate whether you intend to appear and object to the Settlement at the Final Approval Hearing. The failure to so indicate will constitute a waiver of the right to appear at the hearing. If you fail to submit an objection in the manner and by the deadline specified above, you shall be deemed to have waived all objections and will be foreclosed from making any objection to the Settlement, whether by appeal or otherwise, absent a contrary order of the Court.

You may also object to the Class Representatives' request for service payments and/or Class Counsel's request for attorneys' fees and expenses following the same procedure described above.

14.  **HOW CAN I EXCLUDE MYSELF FROM THE CLASS?**

If you wish to exclude yourself from (or opt out of) the Settlement, you must submit to the Settlement Administrator, **postmarked no later than March 6, 2017**, an Exclusion Letter requesting that you be excluded from the Settlement Class. You must also provide your name and last four digits of your Social Security number in your Exclusion Letter. Your Exclusion Letter may be submitted by U.S. Mail, fax, and/or email *(see Question 7 for relevant contact information)*. If you wish to be excluded, but fail to submit an Exclusion Letter in the manner and by the deadline specified above, you shall be bound by all terms and conditions of the Settlement, releases and by the Judgment, regardless of whether or not you submit a Claim Form. If you timely submit a valid Exclusion Letter, you shall not participate in, or be bound by, the Settlement or the Judgment in this Action. However, if you ask to be excluded from the settlement, you cannot object to the Settlement or appear at the Final Approval Hearing to object to the Settlement.

15. **WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO THE PROPOSED SETTLEMENT AND EXCLUDING YOURSELF FROM THE CLASS?**

Objecting is simply telling the Court that you do not like the Settlement or some part of it. You can only object if you remain a Class Member. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the Action and the proposed Settlement no longer affect you.

16. **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a Final Settlement Approval Hearing to decide whether to approve the proposed Settlement Agreement as fair, reasonable and adequate, whether to approve Class Counsel's request for fees and costs, and whether to approve the Class Representatives' request for service payments. The hearing will take place on May 25, 2017 at 9:00 A.M. in Courtroom 4a of U.S. District Court – Middle District of Florida, George C. Young U.S. Courthouse & Federal Building, 401 West Central Boulevard, Orlando, Florida 32801. You do not have to attend this hearing, but you are allowed to attend.

17. **HOW CAN I GET MORE INFORMATION?**

This Notice summarizes the most important aspects of the proposed settlement. You can review the entire Settlement Agreement and underlying court filings by visiting the Settlement Website at www.FataSettlement.com or requesting a copy from the Settlement Administrator at 1-844-620-9990 or PIZSettlement@classactionadmin.com.