UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AL FATA; BRIAN PHILLIPS; and
JERRY J. WALSH,

        Plaintiffs,

v.                                      Case No. 6:14-cv-376-Orl-37DCI

PIZZA HUT OF AMERICA, INC.,

        Defendant.

## ORDER

On November 20, 2015, the parties notified the Court that they had agreed to settle Plaintiffs' claims under the Florida Minimum Wage Act on a class-wide basis, pending preliminary and final approval by the Court. (Doc. 154.) The Court preliminarily approved the settlement on October 31, 2016 (Doc. 228), which the parties subsequently modified upon the Court's approval (Doc. 241), and held a final approval hearing on June 20, 2017 ("**Final Approval Hearing**"). Having considered the record, the supporting documentation, and the representations and findings made at the Final Approval Hearing, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.    Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Expenses, and Service Award Payments, and Incorporated Memorandum of Law in Support (Doc. 249; S-Doc. 253) is **GRANTED**.

    2.    The Court has personal jurisdiction over Plaintiffs Al Fata, Brian Phillips

and Jerry J. Walsh ("**Named Plaintiffs**"), Defendant Pizza Hut of America, Inc., ("**Defendant**") (collectively, "**Parties**") and the Settlement Class Members.[1]

3. The Court has subject matter jurisdiction to approve the Settlement Agreement (Doc. 210-1), including all exhibits, and to enter this Order. In addition, venue is proper in this District.

4. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and 23(b) have been satisfied for settlement purposes only in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Named Plaintiffs are typical of claims of the Settlement Class they seek to represent; (d) Named Plaintiffs have fairly and adequately represented the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

5. For purposes of settlement only, and pursuant to Rule 23(b)(3), the Court

---

[1] The Court adopts all defined terms as set forth in the Parties' proposed Settlement Agreement (Doc. 210-1).

**FINALLY CERTIFIES** the following Settlement Class:

> All Florida delivery drivers employed by Defendant for any length of time since March 7, 2009. Excluded from the Class are: (1) those who have initiated arbitration proceedings against Defendant Pizza Hut of America, Inc., alleging claims under the Florida Minimum Wage Act and (2) those who were opt-in plaintiffs in *Smith v. Pizza Hut, Inc.*, Case No. 1:09-cv-01632-CMA-NYW (D. Colo. 2009) and thus settled their Florida Minimum Wage Act claims in that case. (Doc. 210-1, ¶ 23.)

6. The Court finally designates Named Plaintiffs as Class Representatives.

7. The Court finally appoints the law firms of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("**FBFG**") and Morgan & Morgan, PA ("**Morgan PA**") as Class Counsel. The Court finds that FBFG and Morgan PA acted competently as Class Counsel and have fairly and adequately represented and protected the interests of both Subclasses and the interests of absent Settlement Class Members.

8. The Court finds that the Notice given to the Settlement Class (*see* Docs. 241, 250) was the best notice practicable under the circumstances, was reasonably calculated to apprise the Settlement Class of the pendency of this action, their right to submit a Claim Form, object to the Settlement, exclude themselves from the Settlement Class, and satisfied the requirements of due process and Rule 23.

9. The Parties have complied with the notice obligations under the Class Action Fairness Act ("**CAFA**"), 28 U.S.C. § 1715, in connection with Settlement. Defendant sent notices of the proposed Settlement Agreement,

including materials required by the CAFA, to the appropriate state and federal officials. (Doc. 249, ¶ 11.)

10. The Court **FINALLY APPROVES** the Settlement Agreement (Doc. 210-1) and the approved modification thereto (Doc. 241), including all exhibits as fair, reasonable, and adequate under Rule 23(e).[2] The Court further finds that the terms of the Settlement Agreement were negotiated at arm's-length, entered into in good faith, are in the best interests of the Settlement Class Members, and are not a product of collusion.[3]

11. The Parties and the Settlement Administrator are **DIRECTED** to implement the Settlement Agreement in accordance with its terms and provisions.

12. The Court **APPROVES** the proposed **$3,100,000.00** Maximum Settlement Amount ("**Common Fund**") set forth in the Settlement Agreement (Doc. 210-1, ¶¶ 14, 32) as fair, reasonable, and adequate.

13. The Court **APPROVES** the deductions from the Common Fund as set forth in the Settlement Agreement (*see* Doc. 210-1, ¶¶ 15, 37), including the proposed **$34,000.00** payment as fees and costs to the Settlement Administrator for its efforts in connection with the Settlement.

---

[2] In assessing the fairness, reasonableness, and adequacy of the Settlement Agreement, the Court considered: (1) the complexity, expense, and likely duration of the litigation; (2) the Class Members' positive reaction to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability, damages, and maintaining the class through trial; (5) the range of reasonableness of the settlement fund in light of the best possible recovery; and (6) all attendant risks of litigation. *See Fraught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011).

[3] *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

14. The Court **APPROVES** the proposed **$30,000.00** service award to be divided equally among the Named Plaintiffs as set forth in the Settlement Agreement (Doc. 210-1, ¶ 36).

15. The Court **APPROVES** the separately-negotiated **$1,026,333.33** combined attorney fee and cost payment to Class Counsel as a reasonable percentage of the Common Fund.[4] In doing so, the Court **REJECTS** Class Counsel's proposed hourly rate under the lodestar method (Doc. 252, p. 11).

16. Upon entry of this Order, the Named Plaintiffs and each Class Member shall be deemed to have given a release of the Released Claims to the Released Parties, as set forth in Section V of the Settlement Agreement (Doc. 210-1, ¶¶ 52, 53).

17. This action is **DISMISSED WITH PREJUDICE**.

18. The Court retains jurisdiction over this action, the Parties, Class Counsel and the Settlement Class Members to enforce the terms of the Settlement

---

[4] In assessing the reasonableness of Class Counsel's attorney fees request, the Court considered the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Fraught*, 668 F.3d at 1242–43 (citing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989)); *see also Camden I Condo. Assoc. Inc. v. Dunkle*, 946 F.2d 768, 772 n.3, 773–75 (11th Cir. 1991).

Agreement and preside over issues arising from the distribution of the Settlement Payment.

19. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 21, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record